HAMILTON ET AL. *v.* PUBLIC SERVICE COMMISSION ET AL.

[No. 27,058. Filed February 20, 1939.]

*John E. Osborn,* for appellants.

*Wickens & Wickens, Matson, Ross, McCord & Clifford, Davidson & Rolfes,* and *Turner & Woodfill,* for appellees.

FANSLER, J.—The appellee City of Greensburg, proceeding under chapter 96 of the Acts of 1921 (Acts 1921, p. 205, section 48-5345 et seq., Burns' Ann. St. 1933, section 12746 et seq., Baldwin's Ind. St. 1934), which it deemed to be applicable, contracted for the purchase of the waterworks plant of the Indiana Water Works Company located within that city. A petition was filed with the Public Service Commission asking approval of the sale, and the approval of an issue of revenue bonds for the purchase price, and also a petition for authority to issue bonds to pay for certain additions and improvements. The appellants appeared before the commission. The commission made an order approving the purchase of the plant and approving

the issue of bonds, all as prayed. The appellants brought an action in the court below as provided for by section 54-429 Burns' Ann. St. 1933, section 13982 Baldwin's Ind. St. 1934, to set aside the orders of the commission. There was a trial, and finding that the filing of the petition by the City of Greensburg with the Public Service Commission asking approval of the purchase of the waterworks plant conferred no jurisdiction upon the commission either to approve or disapprove, and that the commission was without jurisdiction upon that question, and that the parties were not affected by the action of the commission in that respect; that the action of the commission complained of, so far as it relates to the issuance of revenue bonds for the purpose of procuring funds to pay the cost of constructing additions and improvements, was not unreasonable or unlawful and was not procured by fraud or other unlawful method, and should be sustained, and there was judgment accordingly. This is an appeal from that judgment.

The appellants agree, in fact vigorously contend, that there was no jurisdiction in the Public Service Commission to approve or disapprove the purchase of the water plant by the city, and hence they are urging no error in the judgment of the court below in that respect. And it is conceded by appellants that, if the contract for the purchase of the water property is valid and legal, there is no unlawfulness in the order of the commission or the judgment of the court affecting the order in so far as it approves the issue of revenue bonds for the purpose of paying the costs of additions and improvements to the plant. Their contention here, as we understand it, is, that chapter 96 of the Acts of 1921 (Acts 1921, p. 205, section 48-5345 et seq., Burns' Ann. St. 1933, section 12746 et seq., Baldwin's Ind. St. 1934), *supra,* was repealed by implication by chapter

190 of the Acts of 1933 (Acts 1933, p. 928, section 54-105 et seq., Burns' Ann. St. 1933, section 13905 et seq., Baldwin's Ind. St. 1934), or that the two statutes, relating as they do to the same subject, are to be construed together as constituting but one act, the latter supplementing the former, and that under such a construction it was necessary for the city to submit the question of the purchase of the plant to the voters as provided for in the latter act.

The appellees contend that the question of the validity of the contract to purchase the plant was not in issue before the Public Service Commission, since the Public Service Commission had no power or jurisdiction to decide that question, and that it was not within the issues in the court below, since the only issue in that action was the legality of the order made by the commission within its jurisdiction; that the judgment below decided nothing concerning the legality of the contract, and that therefore there can be no error in the judgment appealed from in that respect.

The appellants appeared before the commission and participated in the hearing upon the merits. They do not seem to have attempted to present their contention, that the question of the purchase of the plant should have been submitted to the voters, before the commission, nor does it appear that they made any attempt to raise such a question in the court below, but, without deciding whether the question is within the issues, we have concluded to consider it.

In chapter 190 of the Acts of 1933 (Acts 1933, p. 928, section 54-719, Burns' Ann. St. 1933, section 14053, Baldwin's Ind. St. 1934), *supra,* it is provided by section 22: "That no provisions of the act entitled 'An act to authorize cities, towns and other municipal corporations to purchase and acquire water-works and to issue bonds therefor payable from the revenues and receipts

of such works,' approved March 8, 1921, being chapter 96 of the published Acts of 1921 as the same is amended by chapter 56 of the published Acts of 1925, by chapter 190 of the published Acts of 1927, by chapter 137 of the published Acts of 1929, and by chapter (of) 79 of the published Acts of 1931, shall be repealed, modified, affected or superseded in whole or in part by this act or any amendment or supplement thereto, it being intended that this act shall constitute an independent and alternative authority insofar as it provides a method for acquiring water-works and paying therefor." There is nothing ambiguous about this provision. It was the clear legislative intention that the acts should not be construed together as one harmonious whole, or that the latter act should be treated as repealing the former. There is no room for the application of rules of construction. No reason is suggested or seen why the Legislature may not if it sees fit provide alternative methods. It clearly intended to do so, and the city was free to follow the method provided by either act.

Judgment affirmed.

Tremain, C. J., not participating.

Roll, J. absent.