KIRKPATRICK *v.* CITY OF GREENSBURG IN DECATUR COUNTY ET AL.

[No. 16,894. Filed March 13, 1943. Rehearing denied May 26, 1943.]

*John E. Osborn,* of Greensburg, and *Frank H. Wolfe* and *Sumner Terry,* both of Shelbyville, for appellant.

*John M. Wood, William L. Woodfill* and *Wickens & Wickens,* all of Greensburg, for appellees.

BLESSING, C. J.—The issues submitted to the trial court in this cause were formed by an amended complaint and a supplemental complaint filed by the appellant against the appellees, to which the appellees addressed an answer in two paragraphs. The first paragraph of answer was in general denial. The second paragraph of answer contained certain affirmative matters, to which a reply in general denial was addressed.

The appellant alleged in his amended complaint that on the 18th day of June, 1937, the City of Greensburg in Decatur County, Indiana, became the owner of, and took over the management and control of a certain water works system, which is now known as the Greensburg Municipal Water Works.

The evidence discloses that this distribution system was acquired by the City of Greensburg from the former owner, the Indiana Water Works Company.

The amended complaint further alleges that the appellees Walter Easley, Will Espy and O. J. Butler were the duly appointed, qualified and acting members of the board of trustees of the Greensburg Municipal Water Works, and, as such trustees, have had control and management of the water works system since the 23rd of June, 1937.

The appellant alleged that at the time the City of Greensburg acquired said water works system, he was the regularly employed superintendent of said system, and had been employed as such for many months prior thereto. The appellant alleged that on the 7th day of July, 1937, the appellee, City of Greensburg, by and through the appellees Easley, Espy and Butler as members of the board of trustees of the Greensburg Municipal Water Works, employed him as superintendent of said water works, and that he continued in such employment until the 2nd day of February, 1938, at which time he was wrongfully discharged by the appellees without cause, and without the filing of any charges against him, and without any notice or opportunity for public hearing as to the reasons for his dismissal. The appellant alleges that since the 2nd day of February, 1938, the appellees have refused to permit the appellant to serve as superintendent of the Greensburg Municipal Water Works, and have failed to pay him any com-

pensation for any services from and after the 1st day of March, 1938. As damages for such wrongful discharge, the appellant seeks to recover $4,500.00. A supplemental complaint was filed in which judgment was prayed for $5,100.00.

To these complaints, the defendants filed, in addition to an answer in general denial, a second affirmative paragraph of answer, in which the appellees alleged that the appellant was employed after June 23, 1937, only in the capacity of a maintenance foreman. The answer alleged that prior to the 2nd day of February, 1938, the appellant informed the appellees that he was able to secure other employment, and, if they so desired, he would leave the appellees' service. The answer alleged that on the 2nd day of February, 1938, the appellees informed the appellant that they desired to discontinue his services, and paid him one month's wages in advance, upon the receipt of which the appellant surrendered his employment and delivered the keys to the property over which he had formerly held control. The answer alleges that the appellant made no objection to his release and discharge, and made no objection thereto for more than a period of two years; that by reason of such conduct, he is now deemed to have abandoned his employment and resultant claim for damages for the termination thereof.

On these issues, the case was submitted to the court for trial without a jury. The court, after hearing the evidence, found for the appellees and against the appellant, and rendered judgment that the appellant take nothing by his complaint, and that the appellees recover their costs.

The appellant filed a motion for a new trial, which motion the court overruled, and this ruling constitutes

the appellant's assignment of error on appeal. The only specifications discussed by the appellant in his motion for new trial and in support of the assignment of errors, are that the decision of the court is not sustained by sufficient evidence and is contrary to law. Under this assignment of error, and in support thereof, the appellant contends that the appellees, as trustees of the Municipal Water Works, had no authority, to remove the appellant from office, except upon the filing of written reasons for such removal, and after the giving of five days' notice to the appellant of such filing for a public hearing thereon, as provided in ch. 235, p. 1063, § 11, Acts 1933, § 48-5311, Burns' 1933.

The appellees contend that chapter 235, Acts of Indiana General Assembly 1933, is not applicable to the case at bar, and these respective contentions present the first question for our consideration. The appellees contend, and the court had before it evidence tending to establish the fact that the City of Greensburg acquired the water works distribution system and property incident thereto under and by virtue of the provisions of chapter 96, Acts of Indiana General Assembly 1921, which act, together with the amendments thereto, is now set forth at § 48-5345, Burns' 1933, and subsequent sections. Section 16 of this Act as amended in 1927 (§ 48-5365, Burns' 1933) provides that the board of trustees in charge of the supervision and operation of a water works system so acquired by a municipality, ". . . shall have complete control of said water works plant and shall be charged with the duty of managing the same for the benefit of said city, town, or municipal corporation, and shall have full and complete authority to employ a superintendent and through such superintendent to employ, discharge and fix the compensation

of all employees of said water works plant, . . ." No provision was made in the 1921 act or its subsequent amendments for the filing of charges and a public hearing, in order to enable the trustees of a municipal water works system to discharge a superintendent so employed by them.

The appellant contends, however, that section 16 of the 1921 Act, above quoted, was repealed by chapter 235, Acts of Indiana General Assembly 1933, and that section 11 thereof, which authorizes the trustees of a water works department to employ a superintendent of such water works, is now the only statute which controls the employment and dismissal of such superintendent. This section provides:

> "Such superintendent shall hold office until removed by said board of trustees. He shall be removed by said board only after an opportunity for and five [5] days' notice to him of a public hearing is given, and written reasons for such removal filed with said board and made a matter of record at least five [5] days prior to such public hearing. The cause for such removal shall be conviction of a criminal offense in any court of record, commission of any offense in which moral turpitude is involved, neglect of duty, undue political activity, violation of the by-laws, rules and regulations governing such water department, neglect or disobedience of any reasonable order of said board of trustees, incapacity, absence without leave, insubordination or breach of duty, and for no other." (Section 48-5311, Burns' 1933.)

We cannot agree with this contention. It will be noted that chapter 235, Acts of Indiana General Assembly 1933, was an act to authorize cities and towns owning and operating water works to create a department of water works, establish a water district, provide for extensions and additions to the system, and for the management thereof. Section 1 of this act provides:

"Any city or town owning and operating a water-works may, by ordinance adopted by the common council of any such city or the board of trustees of any such town, create a department of water-works in such city or town, subject to the provisions of this act as hereinafter set out; . . . " (§ 48-5301 Burns' 1933.)

It will be noted that the act is permissive in form rather than mandatory, and there is no evidence in this record that the City of Greensburg ever adopted an ordinance creating a department of water works in such city under the provision of this act, nor is there any evidence that the city ever tried to avail itself of any of the provisions of this act.

It may be further noted that chapter 235, Acts of Indiana General Assembly 1933, did not carry a general repealing clause, but section 27 thereof repealed specifically only certain acts of the 1931 General Assembly and of the special session in 1932, which acts are not herein involved. We find nothing in the act so expressly in conflict with the provisions of chapter 96, Acts of Indiana General Assembly 1921, and its subsequent amendments, as to warrant this court in holding that any of its provisions have been repealed by implication. In fact, chapter 235, Acts of Indiana General Assembly 1933, contains the express provision: "That this act shall not be deemed or construed to alter, amend or repeal any other statute, . . ." except those expressly set forth therein.

Chapter 96, Acts of Indiana General Assembly 1921, was before the Supreme Court of this State in the recent case of *Hamilton* v. *Public Service Commission* (1939), 215 Ind. 138, 19 N. E. (2d) 235, in a matter involving the right of the City of Greensburg to proceed under its provisions to acquire the water works plant from the Indiana Water Works Company located in that

city. It was contended before the Supreme Court that this chapter 96, Acts of Indiana General Assembly 1921, was repealed by implication by chapter 190, Acts of Indiana General Assembly 1933.

Chapter 190, Acts of Indiana General Assembly 1933, likewise contained an explanatory clause providing that this act " . . . shall constitute an independent and alternative authority insofar as it provides a method for acquiring water-works and paying therefor; . . ." (Acts 1933, § 22, ch. 190, p. 961.)

The Supreme Court held in effect that the City of Greensburg was authorized to proceed under the provisions of chapter 96, Acts 1921, to acquire the water works plant from the Indiana Water Works Company, and, in holding such act still in force, unaffected by the provisions of chapter 190 above cited, said at p. 141:

> "There is nothing ambiguous about this provision. It was the clear legislative intention that the acts should not be construed together as one harmonious whole, or that the latter act should be treated as repealing the former. There is no room for the application of rules of construction. No reason is suggested or seen why the Legislature may not if it sees fit provide alternative methods. It clearly intended to do so, and the city was free to follow the method provided by either act." *Hamilton* v. *Public Service Commission, supra.*

It is our opinion, therefore, that none of the provisions of chapter 96, Acts 1921 were repealed by the provisions of chapter 235, Acts 1933. It follows, therefore, that the appellees were not bound by the provisions of section 11 of said chapter 235, in so far as the same provided for a specific method for the discharge of the superintendent of said water works plant.

Appellant further contends that the board of trustees

had no authority to dismiss the appellant because of the provisions of § 10, ch. 233, Acts 1933, which provided that:

"All appointive officers, deputies, employes, assistants and departmental and institutional heads not provided for under the provisions of this act, but which are provided for by laws or authority of law now in effect, shall not be considered as abolished by this act but such appointments shall be made by the mayor within his discretion as to number and positions named under laws or authority of law now in effect and such officers, deputies, employes, assistants and departmental and institutional heads shall serve at the pleasure of the mayor, who may terminate their office or employment at any time; . . . "

It is apparent to us that under the provisions of this act, the authority to employ superintendents of water works plants was vested in the mayor of the city, and so the Supreme Court of this State in construing this act, said:

"It seems to us that it was the intent of the legislature by the Act of 1933 to place the responsibility of appointment and discharge of employees and departmental and institutional heads directly upon the mayor and at his pleasure and discretion. This being the intent of the legislature, as we construe the act, such intent must be given effect. The purpose of the interpretation of statutes is to ascertain the true intent of the legislature in enacting them, . . . " *State ex rel. O'Donnell* v. *Flickinger* (1937), 211 Ind. 361, 7 N. E. (2d) 192.

In view of the provisions of this statute and the decision last cited, it is our opinion that the methods provided for the discharge of a water works superintendent, as set forth in section 11, chapter 235, Acts 1933, did not control the appellees in the matter of employment or discharge of the appellant. Under the provisions

of section 10, chapter 233, Acts 1933, above quoted, the authority to employ and discharge such appointive officers and employees was vested in the mayor, who had authority to terminate such office or employment at any time. The record before us discloses that the appellees Easley, Espy and Butler were appointed by the mayor of the City of Greensburg, as members of the board of trustees of the water works plant, and the mayor of said city was *ex officio* a member of the board. (§ 48-5365 Burns' 1933.)

There is nothing in the record to disclose that the discharge of the appellant was had without the authority and approval of the mayor of the City of Greensburg, and in the absence of such showing, it will be presumed that the board was carrying out the wishes and instructions of the mayor in terminating appellant's appointment. If the mayor of the City of Greensburg desired to use the board as an agency to convey to the appellant notice of his discharge, he had a perfect right to do so. Under such conditions, the appellant was not entitled to have charges preferred against him, a notice in writing thereof, and a public hearing thereon, before his employment could be terminated.

The judgment of the trial court was not contrary to law, therefore, in finding against the appellant on the issues presented by his complaint. The court, accordingly, committed no error in overruling appellant's motion for a new trial. In view of this conclusion, we deem it unnecessary to discuss the other questions presented by this appeal.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 47 N. E. (2d) 153.