STATE EX REL. O'DONNELL *v.* FLICKINGER.

[No. 26,725. Filed March 31, 1937.]

*Allen P. Twyman* and *Casil H. Friedman,* for appellant.

*Frederick C. Crumpacker, Edwin H. Friedrich* and *Jay E. Darlington,* for appellee.

HUGHES, J.—This is a *quo warranto* proceeding brought by the State of Indiana, on the relation of Thomas J. O'Donnell v. Dale Flickinger, wherein the said Thomas J. O'Donnell seeks to establish his right to the office of trustee as a member of the board of trustees of the department of water works of the city of East Chicago, Indiana. Appellant's information or complaint is in one paragraph and alleges in substance, that the appellant, on the 28th day of December, 1934, was appointed by the mayor of the city of East Chicago, as a member of the board of trustees of the department of water works of said city of East Chicago, and that he gave a proper bond which was approved by the city comptroller and that said bond was placed on file in the office of said city comptroller and that thereby he became duly qualified for such office as required by law. The complaint further alleges that the defendant Flickinger was appellant's predecessor in office and that the term of the office of the said defendant expired on the said 28th day of December, 1934. That on said day the relator demanded said office and the possession thereof, with the books and papers belonging thereto from said defendant Flickinger. That said defendant refused and declined to surrender said office but on said day usurped said office and has wrongfully held the same and kept the relator out of the possession thereof.

The appellee filed a demurrer to appellant's complaint which was overruled, and thereafter the appellee filed

seven paragraphs of answer. All were dismissed, however, except the first and seventh, the first paragraph being a general denial, and the seventh setting up affirmative matter. Appellant filed a reply to appellee's seventh paragraph of answer. The appellee's demurrer to said reply was sustained, to which ruling the appellant excepted and refused to plead further, and thereupon, judgment was rendered against the appellant as upon a default for such failure to plead further.

It appears from the record that on December 28, 1934, at the time the appellant was appointed trustee, George H. Lewis was the mayor of East Chicago and that he was succeeded on January 1, 1935, by Andrew Rooney as mayor of said city, and that said Rooney on January 5, 1935, as mayor of said city, withdrew the appointment of the appellant as trustee and never thereafter recognized him as such.

We have not set out all of the pleadings or the substance thereof for the reason that the appellant, in his brief, concedes that there is only one question involved in this appeal and that is this—Did the Legislature of 1933 in enacting Ch. 233 as amended by Ch. 97, Acts 1935, intend to repeal the provisions of Ch. 106, Acts 1925, p. 279. (Secs. 48-5428 to 48-5433, Burns 1933.) The appellant concedes that if such was the intent, then the trial court was correct in each of its rulings upon which the appellant has saved exception and assigned error.

And the appellant further concedes that his assignment of errors all relate to the above proposition but merely approaches such question from different angles.

The title of the Act of 1925 is: "An Act concerning municipally owned water works and declaring an emergency." Sec. 1 of said Act provides as follows:

"That in any city of the second class with a population not exceeding thirty-six thousand, according

to the last preceding United States census, which now owns or may become the owner of its own system of water works, the common council of such city may provide by ordinance for a department of water works and place the same under the management and control of a board of three trustees, to be appointed by the mayor, not more than two of whom shall be members of or affiliated with the same political party, and who shall be governed in their duties in the same manner and by the laws now regulating the duties of boards of public works in the control and management of water works, except as hereinafter provided: Provided, however, That if such water works now be under the control and management of a board of trustees heretofore appointed and acting under the authority of any existing ordinance of such city, that a re-adoption of such ordinance and reappointment of such trustees shall not be deemed necessary. Each member of such board shall receive a salary in such an amount to be fixed by ordinance, not to exceed the sum of one thousand dollars per annum, and the common council of such city shall by ordinance, fix the manner in which such salary shall be paid. Each of such trustees shall, before entering upon the duties of his office, give bond in the sum of ten thousand dollars to be approved by the city comptroller, for the faithful performance of his duties and strict accounting of all funds that shall come into their hands, and such bonds shall be kept on file in the office of such city comptroller: and, Provided, further, That the terms of each respective trustee shall be fixed by ordinance, such term in no event to exceed a period of three years. No trustee shall be subject to removal from office except for cause and then only upon the approval of such removal by order of the public service commission of the State of Indiana."

The title of the Act of 1933 is as follows: "An Act concerning the classification and government of civil cities, reducing certain civil cities to civil towns and providing for the government of such towns, fixing and providing for the salaries of officers and employees, repealing all laws and parts of laws in conflict herewith,

providing for the date of taking effect of certain provisions and declaring an emergency."

Part of Sec. 10, p. 1049, of said act is as follows:

"All appointive officers, deputies, employes, assistants, and departmental and institutional heads not provided for under the provisions of this act, but which are provided for by laws or authority of law now in effect, shall not be considered as abolished by this act, but such appointments shall be made by the mayor within his discretion as to number and positions named under law or authority of law now in effect and such officers, deputies, employes, assistants and departmental and institutional heads shall serve at the pleasure of the mayor, who may terminate their office or employment at any time; Provided, That nothing contained in this act shall be construed to repeal, alter or amend any law now in force or enacted by the Seventy-Eighth General Assembly, concerning the employment, suspension and/or dismissal of the members of the fire and police departments of the several cities of this state; . . ."

The appellant asserts in his brief that it is conceded by both appellant and appellee that appellant's original appointment under which he served for three years was made pursuant to the authority of the Act of 1925 and Ordinance No. 1556 passed by the city, creating a department of water works and providing for a board of three trustees. The appellee in his brief denies this concession. We think, however, it sufficiently appears that the city was proceeding under the Act of 1925, and, while the ordinance probably has not been properly pleaded, we will, for the purpose of this opinion, assume that the ordinance is properly before us.

It is the contention of appellant that he held office under the Act of 1925 and could only be discharged for cause with the consent of the Public Service Commission, as provided in said act. The appellee contends the Act of 1925 was repealed by the Cities and Towns Act

of 1933, in so far as the Act of 1925 fixed the manner of appellant's appointment and removal.

"An Act concerning municipally owned water works and declaring an emergency" is the title of the Act of 1925, while the title of the Act of 1933 .is: "An Act concerning the classification and government of civil cities . . ." The evident purpose of the Act of 1933 was to make uniform the classification and government of civil cities, and to make all employees and appointive officers responsible to the mayor. From the year 1905, when the original Cities and Towns Act was passed, many acts have been passed and the legislature of 1933, having in mind the confusion of the different statutes relating to cities and towns, passed the Act of 1933. Sec. 26 provides: "All provisions of laws relative to the classification of cities now in force are hereby specifically repealed, and all laws and parts of laws in conflict with any of the provisions of this act are hereby repealed on the taking effect of the provisions of this act. . . ." So if the Act of 1925 or any part thereof is in conflict with the Act of 1933, it is repealed and without regard to whether it may be called a repeal by implication or an express repeal. It is also provided in Sec. 23 of the Act of 1933 as follows: "Wherever the term 'civil city' or 'city' is used in this act it shall be deemed to include not only the civil city but also any park, *utility* (our italics), sanitary or health district or separate city or any other district or separate city as now or hereafter provided by law." It is clearly seen by the provisions of said Sec. 23 that it not only applies to a civil city, but to any utility of the city. The municipal water works system of a city is a public utility within the meaning of said section. When the language of Sec. 23 is considered with the language of Sec. 10, where it is said ". . . but such appointments shall be made by the mayor within his discretion as to number and positions named under laws or authority of law now

in effect and such officers, deputies, employees, assistants and departmental and institutional heads shall serve at the pleasure of the mayor, who may terminate their office or employment at any time," we are of the opinion that it was the intent of the legislature to repeal that part of the Act of 1925 in so far as it affects the appointment and removal of officers, employees, and departmental and institutional heads. Sec. 10 is certainly in conflict with that part of Sec. 1 of the Act of 1925 wherein it is provided that "No trustee shall be subject to removal from office except for cause and then only upon the approval of such removal by order of the public service commission of the State of Indiana." It seems to us that it was the intent of the legislature by the Act of 1933 to place the responsibility of appointment and discharge of employees and departmental and institutional heads directly upon the mayor and at his pleasure and discretion. This being the intent of the legislature, as we construe the act, such intent must be given effect. The purpose of the interpretation of statutes is to ascertain the true intent of the legislature in enacting them, *Gilson* v. *Board of Com. Rush Co.* (1891), 128 Ind. 65; 27 N. E. 235; *Hyland* v. *Rochelle* (1913), 179 Ind. 671, 100 N. E. 842, and when such intent is ascertained, the court must give it such effect. When a new act covers the subject-matter of an old one and it is evidently intended thereby to revise the old act or part thereof, and the new act shall take the place of the old act or part thereof, then the old act or so much thereof as is affected, is repealed because the old law in the form it was, no longer exists. *Thomas* v. *Town of Butler* (1894), 139 Ind. 245, 38 N. E. 808.

The appellant cites and relies upon the case of *Freyermuth* v. *State ex rel. Burns* (1936), 210 Ind. 235, 2 N. E. (2d) 399, recently decided by this court. This case is distinguishable from the instant case. In the Freyermuth case, the relator on the — day of April, 1926, was

appointed inspector of weights and measures, of the city of South Bend, under Ch. 86 of the Acts of 1925, The title of that act was:

"AN ACT concerning scales, weights, measures, balances and weighing devices and prescribing the standards therefor, prescribing the rights, powers and duties of the state commissioner of weights and measures, providing for the appointment, qualifications, removal, compensation and duties of county and city inspectors of weights and measures, providing how certain commodities shall be sold, providing for the appointment of weighmasters, prohibiting the sale or offering for sale of articles below standard weight or measure and providing penalties for the violation thereof."

The relator filed a claim for $220 for services rendered said city and the board of public works and safety refused to allow the claim under the order and direction of the mayor, George W. Freyermuth, who had declared said position vacant. It was the contention of Freyermuth that Sec. 10 of the Act of 1933 repealed the Act of 1925 and that he, as mayor, had the right to remove the relator as inspector of weights and measures. It was held that the title of the two acts dealt with entirely different subjects and there is nothing to suggest that they are in conflict with one another. The "Weights and Measures" act specifically provides that the inspectors are special policemen and are under the direction of the state commissioner of weights and measures and their duties are those of employees under the direction of said commissioner. The inspectors are not city employees or officers and clearly do not come within the provision of Sec. 10 of the Act of 1933. It is further provided in Sec. 4 of the "Weights and Measures" Act, Acts 1925, ch. 86, p. 247:

"The said inspector of weights and measures shall serve continuously during good behavior under the provisions of section 160 of an act concerning municipal corporations, approved March 6,

1905, governing the fire and police force, and said inspector of weights and measures shall not be removed for any political reason and only for good and sufficient cause after an opportunity for hearing is given by the said commissioner of public safety: Provided, however, That such provision shall not affect the power of the state commissioner of weights and measures to discharge county or city inspectors of weights and measures as set forth in section 6 of this act. No person shall be appointed as a city inspector of weights and measures in any city unless such person shall have been approved by the state commissioner of weights and measures and no such city inspector of weights and measures shall be removed without the approval and consent of the state commissioner of weights and measures."

It is provided further in Sec. 6 of said act that,

"If it is evident to the state commissioner of weights and measures that any county or city inspector of weights and measures is not properly and faithfully performing the duties of his office, the state commissioner of weights and measures shall have power to discharge such county or city inspector of weights and measures. Such removal, however, shall not be made until five days' notice of the charge or charges shall have been mailed to him by said commissioner, naming a time and place for a hearing, not less than two weeks later than the time of mailing such notice to said county or city inspector of weights and measures: ...."

We think it is very apparent that the "Weights and Measures" Act is not analogous to the Act of 1933, concerning the classification and government of cities and that the case of *Freyermuth* v. *State ex rel. Burns, supra,* is not applicable to the question raised in the instant case.

We are clearly of the opinion that Ch. 233 of the Acts of 1933 repealed the provisions of Ch. 106, Acts 1925, in so far as said Act of 1925 fixed the manner of appellant's appointment and removal.

Judgment affirmed.