CITY OF PERU, Indiana, A Third Class City and a Municipal Corporation; Robert L. Haskett, Its Mayor; and Jeffry G. Price, Its City Attorney, and State of Indiana, ex rel. Robert L. Haskett, Appellants (Defendants Below),

v.

UTILITY SERVICE BOARD OF the CITY OF PERU, Indiana and J.R. Davidson, and Patricia Montgomery, Appellees (Plaintiffs Below).

No. 52A02–8608–CV–290.

Court of Appeals of Indiana, Fourth District.

May 18, 1987.

Ronald E. Elberger, Michael A. Trentadue, Bose McKinney & Evans, Indianapolis, for appellants.

Albert C. Harker, Kiley, Osborn, Borwn, Kiley, Harker & Rogers, Marion, for appellees.

CONOVER, Presiding Judge.

Defendants-Appellants City of Peru, Indiana, *et al.* (collectively, the City) appeal the trial court's judgment favoring Plaintiffs-Appellees Utility Service Board of the City of Peru, Indiana, J.R. Davidson, and Patricia Montgomery[1] (collectively, the Board) in a declaratory judgment action. The trial court determined Board members Davidson and Montgomery were not properly and legally removed by Mayor Haskett under the procedure he used, namely, mere notice by letter of their removal to them and to the common council.

We reverse.

ISSUES

The City presents three issues for our review. Because we reverse, however, we address only the following restated issue:

1. whether the trial court's determination Board members Davidson and Montgomery were not properly and legally removed by Mayor Haskett was contrary to law.

1. This appeal is now moot with regard to Montgomery. Her term of office expired December

FACTS

Pursuant to IND. CODE 8–1–2–100 and Peru Ordinance No. 70 (1961)[2] the City of Peru established a Utility Service Board to supervise the operation of the City's utilities. Board members Davidson and Montgomery were appointed to the Board as mayoral appointees pursuant to Peru Ordinance No. 67 (1982), § 4. Haskett was the duly elected and acting Mayor of the City at all times pertinent herein. (R. 604).

In October, 1985, Davidson and Montgomery each received a letter from Mayor Haskett saying he was removing them as members of the Board. The mayor also notified the City Clerk and City Council of their removal, stating as his reason therefor Davidson and Montgomery had violated the Open Door Law.

The cause was submitted upon an agreed statement of facts. The pertinent part of the trial court's judgment reads as follows:

. . . . .

This Court finds the law to be that when legislation (statute or ordinance) fixes the term of office, and contains no provisions or reservations for removal in the appointing power or statement that same continues at pleasure of the appointing power, then the said officer can only be removed for cause.

(R. 615).

City appeals.[3]

DISCUSSION AND DECISION

■ On the point under consideration, the City argues the judgment of the trial court was contrary to law. We agree. A decision is contrary to law only when the evidence and all reasonable inferences arising therefrom leads to but one conclusion, and the trial court has reached a different one. *Sherk v. Indiana Waste Systems, Inc.* (1986), Ind.App., 495 N.E.2d 815, 817.

Three cases are of particular interest in this appeal, namely, *State ex rel. O'Donnell v. Flickinger* (1937), 211 Ind. 361, 7 N.E.2d 192; *Morrison v. McMahon* (1985), Ind.App., 475 N.E.2d 1174; and *Common Council of the City of Peru v. Peru Daily Tribune, Inc.* (1982), Ind.App., 440 N.E.2d 726.

*McMahon* dealt with the question of whether a mayor could remove at his pleasure a superintendent of the City's sewage works, where the works were operated by a Utility Service Board. The mayor argued he had the power to do so pursuant to IC 36–4–11–2. However, the court answered that question in the negative citing IC 8–1.–5–3–5(d) which specifically provides "the superintendent may be removed by the Board for cause at any time after notice and hearing." The court found in this instance IC 36–4–11–2 did not apply because the superintendent was an employee of the Board who was not appointed or subject to removal by the mayor under that statute.

In *Flickinger*, a *quo warranto* action, an outgoing mayor appointed one O'Donnell as a trustee member of the Board of Trustees governing the City's Department of Water Works three days before the mayor left office. When the new mayor took office, he withdrew O'Donnell's appointment as trustee, and thereafter never recognized him as a trustee.[4] A state statute[5] provided the terms of the trustees were to be fixed by ordinance. The statute further provided no trustee was subject to removal from office "except for cause and then only upon the approval of such removal by order of the Public Service Commission of the State of Indiana." *Flickinger*, 7 N.E.2d at 194. A later act[6] pertaining to mayoral

---

31, 1986, under Peru Ordinance No. 67 (1982).

2. IC 8–1–2–100 was repealed by IC 8–1.5–3–1, *et seq.* Peru Ordinance No. 70 (1961) was repealed by Peru Ordinance No. 67 (1982), except for § 1 of the prior ordinance which created the existing Utility Service Board.

3. In addition to appellate briefs filed by both parties, an *amicus* brief was filed by the Indiana Municipal Electric Association, Inc. It favors affirmance of the trial court's judgment.

4. Flickinger was O'Donnell's predecessor in office who refused to surrender it to O'Donnell.

5. Acts 1925, ch. 106, p. 279.

6. Acts 1933, ch. 233, sec. 10, as amended by Acts 1935, ch. 97. This act was a predecessor of IC 36–4–11–2. Similar "at pleasure" provisions appear in the original 1905 codification of the Cities and Towns law and all its amendments, including IC 36–4–11–2, currently in force. See text, *infra.*

powers provided appointed officers "shall serve at the pleasure of the mayor, who may terminate their office or employment at any time...." The Indiana Supreme Court held in *Flickinger* the later act impliedly repealed the provisions of the earlier one insofar as the earlier fixed the manner of a trustee's removal from office.

Finally, the court in *Common Council of City of Peru* determined members of the Peru Utility Service Board are appointive officers, not employees, and they may be removed or impeached under the law applicable to municipal officers. *Common Council*, 440 N.E.2d at 732.

The learning from these cases is:

(a) a superintendent of a utility service board is an employee who may be removed only for cause, after notice and hearing, under the specific provisions of the municipal utility operation law. *McMahon, supra.*

(b) Utility Service Board members themselves are not employees: they are "appointive officers" of the city who may be removed or impeached under the law applicable to municipal officers. *Common Council, supra.*

(c) Neither IC 8–1.5–3–1 *et seq.* nor IC 36–4–11–2 contain language prohibiting discharge of mayoral appointive officers except for cause after notice and hearing. Such officers serve at the pleasure of the mayor, and may be terminated by him at any time, even if appointed for fixed terms. *Flickinger, supra.*

■ Our foremost concern is to determine and give effect to the true intent of the legislature. *Adult Group Properties v. Imler* (1987), Ind.App., 505 N.E.2d 459, 463. Where statutory language is clear and unambiguous, it is our duty to give effect to its plain meaning. *Holland v. King* (1986), Ind.App., 500 N.E.2d 1229, 1233. It cannot be presumed the General Assembly intended language used in a statute to be applied in an illogical manner. Nor can it be presumed the legislature intended to do an absurd thing or enact a statute containing useless provisions, the effect of which can easily be avoided.

*State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739.

■ IND. CODE 36–4–11–2 provides in part

Appointments by city executive; suspension or removal

Sec. 2. (a) The city executive shall make the appointments prescribed by law.

.  .  .  .  .

(b) The executive may suspend or remove from office any officers ... appointed by him ... by notifying them to that effect and sending a written statement of the reasons for the suspension or removal to the city legislative body.

The City contends Haskett was authorized to remove Davidson and Montgomery from the Board under this section. To the contrary, the Board argues the above code section does not apply to Utility Service Board members appointed by the mayor. They also contend Haskett's attempt to remove Davidson and Montgomery by notice only is void because they are public officers appointed to fixed terms, and cannot be removed except for cause after notice and hearing, which they were not accorded.

IC 8–1.5–3–3 provides in pertinent part:

Sec. 3. (a) The legislative body of a municipality may, by ordinance, provide for the control of any or all of its municipally owned utilities ...:

(e) ... The ordinance must provide for:

(1) A majority of the members to be appointed by the executive ...;

(2) the terms of the members, which may not exceed four (4) years,....

This chapter of the Code is silent regarding the removal of Board members. However, Peru Ordinance No. 67 (1982) provides in pertinent part:

SECTION FOUR: Three (3) members of the Board shall be appointed by the mayor. ... The terms of the Board members shall be four (4) years. ... *Any member of the "Board" may be removed or impeached from office as*

*provided by Indiana law.* (Emphasis supplied).

The above section explicitly places a qualification on a Board member's term of office, even though his term is fixed. He may be removed or impeached "as provided by Indiana law." In *Flickinger, supra,* our Supreme Court under similar facts held the predecessor statute to IC 36–4–11–2 authorized the mayor to remove at his pleasure a mayoral appointive officer from the city's water works board, even though the board member had been appointed to a fixed term. The court determined the intent of the legislature as expressed by this statute was to place the responsibility of appointment and discharge of all mayoral appointees directly upon the mayor, at his pleasure and discretion, so as to make these appointees directly responsible to him. The statute requiring discharge of board members only for cause and upon approval by the PSCI was impliedly repealed by passage of that "removal at pleasure" statute. *Flickinger,* 7 N.E.2d at 195.

We believe the intent of the legislature regarding the removal of mayoral appointive officers has not been changed since the inclusion of the "at pleasure" provision in the 1905 Cities and Towns Act. Similar provisions have been included in all subsequent amendments to that statute, including IC 36–4–11–2. It provides for removal of all officers appointed by the mayor at his discretion.[7] Contrary to the Board's assertions, there is no exception, statutory or otherwise, prohibiting the removal of Utility Service Board members, nor is there any statutory provision they can be removed only for cause after notice and hearing. It is important to recognize what statutes do not say as well as what they do say. When certain words are specified in a statute, then, by implication, other words not specified are excluded. *Common Council, supra,* at 729.

Contrary to the trial court's judgment, Peru Ordinance No. 67 (1982) does authorize removal of Utility Board members "as provided by Indiana law." Our legislature

intended, through IC 36–4–11–2, to place directly upon the mayor the responsibility to appoint and to grant him the correlative authority to discharge his appointees in his discretion. *Accord, Flickinger, supra.* Accordingly, IC 36–4–11–2 was properly utilized by Mayor Haskett to remove mayoral appointees Davidson and Montgomery. The trial court's judgment limiting the application of the clear and unambiguous language of IC 36–4–11–2 was contrary to law.

Reversed and remanded for further proceedings consistent with this opinion.

YOUNG and NEAL, JJ. concur.

---

7. Compare: Acts 1933, ch. 233, sec. 10; Acts 1935, ch. 307, sec. 2; Acts 1945, ch. 32, sec. 1; Acts 1957, ch. 141, sec. 1; IC 18–1–6–2, IC 18–2–1–9; and IC 36–4–11–2. See, also, note 7, *supra.*