**Kathy L. COLTER, Appellant
(Plaintiff Below),**

v.

**GRANT-BLACKFORD MENTAL HEALTH, INC., the Commissioners of Grant County and the Commissioners of Blackford County, Appellees (Defendants Below).**

**No. 27A02-8712-CV-00506.**

Court of Appeals of Indiana,
Second District.

Dec. 29, 1988.
Rehearing Denied Feb. 21, 1989.

Donald K. McClellan, McClellan, McClellan & Brooke, Muncie, for appellant.

Edward L. Murphy, Jr., Edward J. Liptak, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Albert C. Harker, Kiley, Osborn, Kiley, Harker, Rogers, Michael & Certain, Marion, for appellees.

**SHIELDS**, Presiding Judge.

Kathy Colter appeals the trial court's grant of summary judgment in favor of Grant–Blackford Mental Health, Inc. on her civil rights claim.

We reverse.

### Facts

The sparse and undisputed facts follow.

On Tuesday, April 8, 1986, Kathy Colter was admitted to the Grant–Blackford Mental Health facility under a seventy-two (72) hour emergency detention. On Friday, April 11, 1986, a Report Following Emergency Detention was completed by Dr. Rebecca V. Santiago. Colter was discharged from Grant–Blackford on Monday, April 14, 1986.

On March 27, 1987, Colter filed a complaint against Grant–Blackford alleging, in essence, that the mental health facility did not comply with statutory procedures and, acting under color of state law, unlawfully deprived her of her civil rights. Specifically, the complaint states in relevant part:

> At no time during the first seventy-two (72) hours, ... did the superintendent of the Grant–Blackford Mental Health, Inc., or the personal attending physician, make a written report to the Blackford Circuit Court.

> At no time did the superintendent of the hospital or the personal attending physician report to the said court that the person had been examined and that there is or is not probable cause that the person is mentally ill and either dangerous or gravely disabled and requiring continuous care and treatment.

*Record* at 11–12.

Grant–Blackford filed a motion to dismiss for failure to state a claim, or alternatively, summary judgment. Colter appeals the trial court's grant of summary judgment.

### Issues

The issues on appeal,[1] restated, are:

---

1. Colter argues the Blackford Circuit Court erred in striking as untimely her affidavit in opposition to Grant–Blackford's motion for summary judgment. This is not an issue because, even considering Colter's affidavit, the parties do not disagree upon material facts. Colter's affidavit states in relevant part:

> At no time during the first 72 hours, ... excluding Saturdays, Sundays, and legal holidays, did the superintendent of the Grant–

1. Whether IC 16–14–9.1–7(b) (1988) mandates that a written Report Following Emergency Detention be filed with or submitted to the concerned court within the seventy-two hour emergency detention period; and

2. Whether a genuine issue of material fact exists concerning Grant–Blackford's compliance with IC 16–14–9.1–7(b).

### Discussion

Colter argues Grant–Blackford failed to comply with IC 16–14–9.1–7(b) and therefore may not avail itself of the immunity afforded by IC 16–14–9.1–12 (1988), which states:

(a) Any person who, without malice, bad faith or negligence and according to this chapter:

(1) Participates in proceedings for the detention or commitment of another person; or

(2) Assists in the detention, care, and treatment of another person alleged or adjudged to be mentally ill;

is immune from any civil or criminal liability which might otherwise be imposed as a result thereof.

(b) This immunity does not permit any person to physically abuse a patient nor deprive a patient of any personal or civil rights except according to the provisions of this chapter.

IC 16–14–9.1–7 states in relevant part:

(b) Before the end of the detention period, the superintendent of the hospital or center or the person's attending physician shall *make a written report to the court,* which must:

(1) State that the person has been examined; and

(2) State that there is or is not probable cause to believe that the person is mentally ill and either dangerous or gravely disabled and requires continuing care and treatment.

(Emphasis added).

■ The phrase "make ... to the court," contained in the latter statute, is subject to several interpretations and, therefore, requires judicial construction. *See Daugherty v. State* (1984), Ind.App., 466 N.E.2d 46 (judicial interpretation of statutory language is warranted only when the meaning is unclear or ambiguous). Colter argues the language requires the written document to be filed with or submitted to the concerned court before the end of the detention period. Grant–Blackford asserts the written document need only be completed and its conclusions and recommendations communicated to the court within the seventy-two hour detention period.[2]

Some aspects of section 7 are explicit: a written report must be prepared within seventy-two hours after the patient's detention commences. Further, in view of the strict time periods within which further judicial proceedings must be held, section 7 requires that the court be apprised of the contents of the report, *i.e.,* conclusions[3]

---

Blackford Mental Health, Inc. or the personal attending physician, *file a written* report with the Blackford Circuit Court or the Grant Circuit Court.

At no time within the first 72 hours did the superintendent of the Grant–Blackford Mental Health, Inc., or the personal attending physician, *submit a written* report to the said court that the person had been examined and that there is or is not probably [sic] cause that the person is mentally ill and either dangerous or gravely disabled and requiring continuous care and treatment.

Plaintiff's affidavit, Record at 73 (emphasis added). Colter's statements simply parrot, albeit in more precise terms, the allegation of her complaint that "[a]t no time during the first seventy-two (72) hours, ... did the superintendent of the Grant–Blackford Mental Health, Inc., or the personal attending physician, *make a written*

report to the Blackford Circuit Court...." Record at 11 (emphasis added). This allegation, in turn, simply alludes to non-compliance with IC 16–14–9.1–7(b).

2. Appellees' argument that summary judgment was otherwise appropriate because Colter failed to submit her claims to a medical malpractice review board is meritless. Colter's claim alleges unlawful deprivation of her liberty occurred due to Grant–Blackford's non-compliance with the procedural safeguards of I.C. 16–14–9.1–7. There is no "medical" issue raised.

3. Section 7 requires the written report to state the superintendent's or attending physician's conclusions as to whether there is or is not probable cause to believe that the person is mentally ill and either dangerous or gravely disabled and requires continuing care. There is

concerning disposition of the detainee within the seventy-two hour detention period. The ambiguity appears in the manner by which the court is to be so apprised.

When a court is called upon to construe words in a single section of a statute, it must construe them with due regard for all other sections of the act and with regard for legislative intent to carry out the spirit and purpose of the act. *USS v. Review Board* (1988), Ind.App., 527 N.E.2d 731, 737; *Detterline v. Bonaventura* (1984), Ind.App., 465 N.E.2d 215, 218, *trans. denied.* Further, in construing a statute, it is as important to recognize what it does not say as it is to recognize what it does say. *Irmscher v. McCue* (1987), Ind.App., 504 N.E.2d 1034, 1037; *Charles W. Smith & Sons Excavating, Inc. v. Lichtefeld–Massaro* (1985), Ind.App., 477 N.E.2d 308, 310.

IC 16–14–9.1–6.5 (1988) provides assistance in our effort to determine the meaning of the phrase, "make ... to the court." This section provides the procedure by which a person is detained by a law enforcement officer and reads:

(a) A law enforcement officer having reasonable grounds to believe that a person is mentally ill, dangerous to himself or others, and in immediate need of hospitalization and treatment, may apprehend and transport that person to the nearest appropriate facility and, if appropriate, may also charge the person with an offense. The law enforcement officer *shall submit a written statement* to the facility containing the basis for his conclusion that reasonable grounds exist under this subsection. *This statement shall be filed with the person's records* at the facility and *shall be sent to the appropriate court* if any action is pursued in connection with charges filed by the officer against the person. The superintendent of the facility or any physician may furnish emergency treatment as is necessary for the preservation of the health and safety of the person detained.

(b) A person may be detained under this section for a period not to exceed twenty-four (24) *hours from the time of his admission. If, however, in the opinion of the superintendent or physician the person should be detained longer than twenty-four (24) hours, the superintendent or treating physician shall file or cause to be filed an application for emergency detention under section 7 [16–14–9.1–7] of this chapter immediately upon the availability of a judge, or within seventy-two (72) hours of admission, whichever is shorter.* In any event, the detained person shall be discharged by the physician or superintendent whenever, in the judgment of either, detention is no longer necessary.

(c) Detention under this section is in addition to any period of detention under section 7 of this chapter.

(Emphasis added).

This section evidences that the legislature is aware of the terms "submit" (section 6.5(a)), "file" (section 6.5(a), (b)), and "sent" (section 6.5(a)), and yet chose another word, "make", in section 7. From this we conclude the legislature intended the phrase "make ... to the court" to mean something other than submit to the court, file with the court, or send to the court. Where certain words are specified in a statute, by implication, other words not specified are excluded. *City of Peru v. Utility Service Board* (1987), Ind.App., 507 N.E.2d 988, 992. Considering that a written report must be prepared, and that the court must be apprised of its contents within the detention period, the construction of the phrase "make ... to the court" which complies with those requirements is that the contents of the report must be communicated in some manner to the appropriate court within seventy-two hours. The manner of communication is irrelevant so long as the court is apprised within the appropriate time frame.

This interpretation allows flexibility in transmitting the contents of the report by

---

no factual basis requirement. Therefore, the court, which must act within 24 hours of the receipt of the report, needs only to be apprised of the conclusions and recommendations therein within the seventy-two hour period.

the most expedient means, perhaps orally by telephone or in person, by facsimile machine, by submission to the trial judge directly, or by filing with the court. This result allows the required initiation of further judicial proceedings strictly within the first seventy-two hour detention period.[4] This interpretation of the statute preserves the language without either adding to it or rendering any part of its surplusage. It gives effect to the strict requirement that the written report be made within the initial seventy-two hours, the conclusions therein be transmitted within the initial seventy-two hours, and that they be acted upon by the court within the next twenty-four hours.

## II.

█ However, genuine issues of material fact remain concerning whether Grant–Blackford complied with the procedures of IC 16–14–9.1–7. Colter's pleadings allege non-compliance with the statute in that neither did Grant–Blackford make a written report to the court within the initial seventy-two hour detention period nor did the superintendent of the hospital or the personal attending physician report to the court at any time. Grant–Blackford's affidavit in support of its motion for summary judgment establishes only that 1) a written Report Following Emergency Detention was completed by Dr. Santiago, 2) a telephone call was placed by an unidentified person on April 11, 1986 to Judge Bade notifying him that Dr. Santiago had completed the Report and confirming that a temporary commitment had been recommended for Colter, 3) a letter dated April 11, 1986 was prepared, addressed to Judge Bade, and signed by the Secretary to Grant–Blackford's Coordinator of Inpatient Services confirming the telephone call and enclosing copies of the Report, and 4) Colter was admitted on April 8 and released on April 14.

Contrary to the position of Judge Hoffman in his partial dissent, Grant–Blackford's affidavit fails to negate all aspects of Colter's claim. The affidavit does not assert, for example, that the telephone call was made by the superintendent or by the attending physician within the seventy-two hour period,[5] nor does it assert that, the letter dated April 11 was received by the court within the appropriate time frame. Grant–Blackford has therefore, failed to negate Colter's claim of non-compliance based upon the required report to the court as defined herein within the appropriate time frame. Colter may rest on the allegation of her pleadings. *See Kahf v. Charleston South Apartments* (1984), Ind. App., 461 N.E.2d 723.

Judgment reversed; cause remanded for further proceedings consistent with this opinion.

SULLIVAN, J., concurs.

HOFFMAN, J., concurs in part and dissents in part with separate opinion.

HOFFMAN, Judge, concurring in part and dissenting in part.

I concur in that part of the majority opinion that interprets IND.CODE § 16–14–9.1–7(b).

However, I dissent to part II. There does not exist any genuine issue of material fact. The affidavit of Paul Kuczora clearly states that on April 11, 1986 a call was placed to the Honorable Bruce Bade,

---

4. Of course the twenty-four hour period in which the court is required to act upon receipt of the report commences when the court receives the communication, even though less than the initial seventy-two hours may have passed. Under no circumstances may the total ninety-six hours (excluding the applicable Saturdays, Sundays, and legal holidays) be exceeded.

5. In light of the permissible means by which the communication may occur, requiring an informed individual to make the communication provides the court with a knowledgable resource for any questions which might arise from the lack of a written report.

Judge of the Blackford Circuit Court, notifying him that Dr. Rebecca V. Santiago had completed the report and recommended that a temporary commitment for Kathy Colter was recommended. This affidavit was not contradicted or controverted by Kathy Colter. The requirement of the statutes was met.

The trial court should be affirmed.