Walter J. PHIPPS, et al., Plaintiffs,

v.

CITY OF CHICAGO, et al., Defendants.

No. 89 C 4272.

United States District Court,
N.D. Illinois, E.D.

Aug. 14, 1989.

---

Goldstein & Fluxgold, Ltd., Chicago, Ill., for plaintiffs.

Kelly R. Welsh, Corp. Counsel, City of Chicago by Sharon A. Zogas, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiffs in this action claim that several Chicago police officers violated their constitutional rights in connection with their arrest on April 4, 1988. Specifically, plaintiffs claim that the officers unjustifiably harassed them, beat them, incarcerated them, failed to inform them of their rights, and failed to provide them the medical care necessary to treat the injuries they sustained as a result of being beaten. Plaintiffs' complaint contains three counts. Count I is a civil rights claim brought pursuant to 42 U.S.C. § 1983. Counts II and III assert state law claims for assault, battery, and false arrest. The complaint names the City of Chicago and the individual police officers allegedly involved in arresting plaintiffs as defendants.

This order concerns defendants' motion to dismiss. Defendants first argue that plaintiffs' § 1983 claim against the City of Chicago should be dismissed because plaintiffs fail to allege an unconstitutional policy or custom on the part of the City. In response to defendants' motion, plaintiffs have indicated that they do not intend to pursue Count I against the City. Therefore, the City of Chicago is dismissed with respect to Count I.

Defendants' second argument is that Counts II and III should be dismissed because they are barred by Illinois' one-year statute of limitations for such claims. As plaintiffs have pointed out, however, they filed their complaint on April 4, 1989.

Therein, they allege that the incidents on which their claims are based took place on April 4, 1988. Therefore, their state claims were brought within the one-year statute of limitations.

Defendants' final argument is that since the City of Chicago is entitled to be dismissed from Count I, the City should also be dismissed from Counts II and III. The court's dismissal of plaintiffs' § 1983 claim against the City has made the City a pendent party. See Palumbo v. I.M. Simon & Co., 701 F.Supp. 1407, 1413 (N.D.Ill.1988). A pendent party is a defendant over which there is no independent basis of federal jurisdiction but against which plaintiff has asserted a state law claim which is related to a jurisdictionally sufficient claim against another party. Id. See Huffman v. Hains, 865 F.2d 920, 922 (7th Cir.1989). In determining whether to exercise jurisdiction over a pendent party, the court must examine the specific statute which confers federal jurisdiction in the case. Zabkowicz v. West Bend Co., 789 F.2d 540, 546 (7th Cir.1986). The court should not exercise pendent party jurisdiction where the statute expressly or impliedly negates the exercise of pendent party jurisdiction. Id.

In the instant case, federal jurisdiction is based on 42 U.S.C. § 1983. Under § 1983, a municipality is liable only when it implements a policy in derogation of federal statutory or constitutional rights. The court finds that this custom or policy requirement implicitly negates the exercise of pendent party jurisdiction over municipalities in § 1983 cases where the requirement is not met. Otherwise, § 1983 plaintiffs could simply ignore the custom or policy requirement and haul municipalities into federal court through the back door, i.e., via pendent party jurisdiction. The Supreme Court has denounced this practice. In Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the plaintiff sought to bring state law claims against a municipality in a § 1983 action against employees of the municipality. At the time of the Aldinger decision, municipalities were not liable under § 1983. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473,

5 L.Ed.2d 492 (1961), *overruled by Monell v. New York, New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, the plaintiff in *Aldinger* was precluded from recovering against the municipality under § 1983. The Supreme Court held that the prohibition against suing municipalities under § 1983 implicitly precluded plaintiff from bringing the municipality into federal court as a pendent party to her § 1983 action. 427 U.S. at 17, 96 S.Ct. at 2421.

The court finds that under *Aldinger,* since plaintiffs in this case have no viable § 1983 claim against the City of Chicago, their pendent claims against the City must be dismissed as well.

Accordingly, defendants' motion to dismiss is granted with respect to the City of Chicago, but denied with respect to the remaining defendants.