12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
J. Bruce SCALES, Plaintiff-Appellant,
v.
Raymond J. PARKER, et al., Defendants-Appellees.
 No. 93-1627.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 28, 1993.
Decided Nov. 22, 1993.
 
 Before BAUER, Circuit Judge, and WOOD, Jr., and ESCHBACH, Senior Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Scales appeals the district court's summary judgment order against him in a political firing case. Pursuant to 42 U.S.C. Sec. 1983, Scales sued various Jeffersonville, Indiana officials for violation of his First Amendment rights. Scales also alleged that certain defendants violated 42 U.S.C. Sec. 1985 by conspiring to deprive him of his equal privileges and immunities under the law.
 
 
 2
 On January 15, 1984, former Jeffersonville mayor Dale Orem appointed Scales as the Building Commissioner. In December of 1987, Mayor Orem appointed Scales as the City Engineer for Jeffersonville. Thereafter, the city of Jeffersonville considered these two positions one office. Unfortunately for Scales, Mayor Orem lost the 1991 mayoral election to defendant Raymond Parker. After the election, Scales resigned his post as City Engineer, but desired to retain his position as Building Commissioner. In December of 1991, however, Michael Gillenwater, the newly appointed City Attorney, sent a letter to Scales informing him that his job would be eliminated in January of 1992. Upset, Scales responded with a letter to Gillenwater and, citing Jeffersonville Ordinance Sec. 35.16, stated that he felt there was no just cause for his termination. He also referred to Jeffersonville Resolution 86-R-29 which states that no action shall be taken against a city employee based on their political association. Scales subsequently filed this action.
 
 
 3
 For the reasons set forth by District Judge Dillon in his Entry dated February 19, 1993 and attached hereto as Appendix A, we agree that summary judgment for the defendants was proper. Scales suffered no violation of his First Amendment rights as a result of his termination as a policymaking employee; defendants deprived Scales of no property interest; and we reaffirm our holding in Grimes v. Smith, 776 F.2d 1359 (7th Cir.1985) that 42 U.S.C. Sec. 1985 does not extend to non-racially motivated conspiracies. For these reasons, and the reasons set forth in Judge Dillon's Entry, We AFFIRM the district court's order of summary judgment for defendants.
 
 
 4
 AFFIRMED.
 
 APPENDIX A
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 NEW ALBANY DIVISION
 
 5
 J. Bruce Scales, Plaintiff,
 
 
 6
 vs.
 
 
 7
 Raymond J. Parker, Jr., individually, and as Mayor of the
 
 
 8
 City of Jeffersonville, Indiana; Michael A. Gillenwater,
 
 
 9
 individually; Harold W. Lakeman in his official capacity as
 
 
 10
 Personnel Director of the City of Jeffersonville, Indiana;
 
 
 11
 and City of Jeffersonville, Indiana, Defendants.
 
 
 12
 Cause No. NA 92-79-C.
 
 
 13
 Feb. 19, 1993.
 
 ENTRY
 
 14
 This cause comes before the Court on the defendants' motion for summary judgment, and the plaintiff's cross-motion for partial summary judgment. For the following reasons, the defendants' motion is GRANTED. The plaintiff's cross-motion is DENIED.
 
 Background
 
 15
 Plaintiff J. Bruce Scales was appointed Building Commissioner of the city of Jeffersonville, Indiana by the former Jeffersonville mayor, David Orem, on January 15, 1984. On December 31, 1987, Mayor Orem appointed plaintiff to the position of City Engineer. Since that time, the offices of Building Commissioner and City Engineer have been considered one office.
 
 
 16
 Defendant Raymond Parker defeated Orem in the 1991 Jeffersonville mayoral election. After Parker became mayor, the office of City Attorney was transformed into a contract position, in which the city hires a private attorney to serve as the City Attorney. The city contracted for defendant Michael Gillenwater to serve in this position.
 
 
 17
 Defendant Harold Lakeman serves as Personnel Director of the City of Jeffersonville.
 
 
 18
 On December 16, 1991, Gillenwater, acting on behalf of Parker, sent Scales a letter stating "As the appointee to the position of Director of the City Legal Department I send this letter to confirm that your job position will be eliminated at the beginning of 1992. Unfortunately, it does not appear that any other positions will be coming open in which your abilities can be utilized."
 
 
 19
 In response, Scales sent a letter to Gillenwater on December 23, 1991 informing him of his disappointment regarding this decision. Additionally, he cited Jefferson City Code Sec. 35.16 which states that a regular employee can only be discharged for cause, and stated that he felt no cause existed for his discharge. Scales went on to state that Gillenwater should consider this letter as a "Step One" grievance procedure.[1]
 
 
 20
 Scales has filed this claim under 42 U.S.C. Sec. 1983, alleging that, in violation of his First Amendment rights, he was fired because of his political support for former mayor David Orem. He alleges that Jeffersonville City Code Sec. 35.16 gave him a property interest in continued employment, and that his Fourteenth Amendment rights were violated when defendants allegedly deprived of him of that interest without notice and a hearing. Scales has filed a pendent state claim for improper termination against the city of Jeffersonville and against the individuals in their official capacities. Finally, plaintiff has alleged that defendants Gillenwater and Parker violated 42 U.S.C. Sec. 1985, by conspiring to deprive him of his equal privileges and immunities under the law.
 
 
 21
 Defendants have moved for summary judgment on all issues. Plaintiff has cross-moved for partial summary judgment on all but the Sec. 1985 conspiracy claim.
 
 Discussion
 I. First Amendment Claim
 
 22
 Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro 56(c). While facts are viewed in the light most favorable to the nonmoving party, there is an affirmative burden of production on the nonmoving party to defeat a proper summary judgment motion. Baucher v. Eastern Indiana Production Credit Association, 906 F.2d 332, 334 (7th Cir.1990) (following Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). Before the Court denies summary judgment, it must be determined whether there is sufficient evidence for a jury to find a verdict in favor of the nonmoving party. Id. (following Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).
 
 
 23
 Plaintiff contends he was fired because of political affiliation. Generally, political affiliation is an inappropriate employment consideration unless an employee is in a "policymaking position," see Branti v. Fickel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 547 (1980); Elrod v. Burns, 427 U.S. 353, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), in a "confidential" position, see Meeks v. Grimes, 779 F.2d 417, 420 (7th Cir.1985), or the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved. Upton v. Thompson, 930 F.2d 1209 (7th Cir.1991) (citing Branti, 445 U.S. at 518, 100 S.Ct. at 1295).
 
 
 24
 Defendants contend that Scales' position as building commissioner/city engineer places him within the "policymaking exception" to the prohibition against political firings. The official job description for the building commissioner lists numerous powers and responsibilities. The commissioner is head of the Bureau of Buildings and is in charge of enforcing the provisions of the city building code and all other statutes and ordinances pertaining to the construction, repair, and condemnation of buildings and structures. The commissioner is required to inspect buildings to ensure compliance with the building code. He has full discretion to decide any question arising under the building code pertaining to the matter of construction of any building. The commissioner is responsible for ensuring the maintenance of safe conditions of buildings.
 
 
 25
 The building commissioner/city engineer also serves as Chairman of the Planning and Zoning Board, and as such, is called upon to write policies, subject to City Council approval, concerning the drafting of ordinances. He must assess the problems facing the city in the area of construction and development, and submit proposals to the mayor, board of public works, and the city council. In order to enforce the zoning code of the city of Jeffersonville, the commissioner may direct an attorney to institute suit on behalf of the city of Jeffersonville. According to the affidavit of William Gavin, the present building commissioner, it is his duty to work closely with the mayor and other members of city government. The commissioner has direct access to confidential files, proposed legislative changes, and business trade secrets. Finally, the position of building commissioner is classified as a "City Official" under Jeffersonville City Ordinance Sec. 31.27.
 
 
 26
 In his affidavit, Scales contends that he did not make city policy, and that he had no discretion in the commercial building area. In assessing the appropriateness of political affiliation for a particular job, Elrod and Branti require an examination of the powers inherent in a given office, as opposed to the functions performed by a particular occupant of that office. Tomczak v. City of Chicago, 765 F.2d 633 (7th Cir.1985), cert. denied, 474 U.S. 946, 106 S.Ct. 913, 88 L.Ed.2d 289 (1985).
 
 
 27
 Given the responsibilities and power inherent in the position of building commissioner, as evidenced by the official job description and supporting affidavits, case law in the Seventh Circuit suggests that Scales can be considered a policymaker for the purpose of First Amendment analysis. The Court in Tomczak found that the plaintiff, who held the second highest position in the city's water department, was a policymaker, and noted that the test is "whether the position held by the individual authorizes, either directly or indirectly, meaningful input into government decisionmaking on issues where there is room for principled disagreement on goals or their implementation. Tomczak, 765 F.2d at 641 (quoting Nekolny v. Painter, 653 F.2d 1164, 1170 (7th Cir.1981), cert. denied, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 139 (1982)).
 
 
 28
 Scales' position as building commissioner not only involved the enforcement of the city building code, but required him to present policies regarding city development and proposed ordinances. The commissioner certainly appears to be in a position to provide "meaningful input into government decisionmaking."
 
 
 29
 In Bicanic v. McDermott, 867 F.2d 391 (7th Cir.1989), the Court held that the coordinator of the park and recreation program for the city of Hammond, Indiana, could be fired for political reasons. The plaintiff was a department head and had the authority to organize, plan, and coordinate the Park and Recreation Program for the city. Scales is also a department head, and is responsible for coordinating the activities of his subordinates as they enforce the Jeffersonville building ordinances.
 
 
 30
 Finally, in the factually analogous case of Herman v. City of Chicago, 870 F.2d 400 (7th Cir.1989), the Court held that the Director of Field Operations at Chicago's Department of Housing could be fired for political reasons. In Herman, the plaintiff performed very similar functions to those of Scales. The Herman plaintiff recommended the establishment of policies for housing rehabilitation in Chicago and coordinated efforts to carry out those policies. Rehabilitation projects required his approval. Additionally, the Director maintained "liaison and coordination with aldermen and City Council staff, the Mayor's Office, and elected officials." Given these duties, the Court held "there can be no doubt that under Elrod and Branti, and this circuit's cases, such a position is one for which 'party affiliation is an appropriate requirement for the effective performance of the public office involved.' " Id. at 403.
 
 
 31
 Given the case law in this circuit, and the factual similarity between the instant case and the Herman case, we hold that plaintiff's job of building commissioner/city engineer was one for which political affiliation is an appropriate requirement. We therefore grant defendants' motion for summary judgment on the First Amendment claim, and deny plaintiff's cross-motion.
 
 II. Alleged Deprivation of Property Interest
 
 32
 Scales additionally claims that defendants deprived him of a property interest without due process of law. Scales points to Jeffersonville City Ordinance Sec. 35.16, enacted November 15, 1986 by the Common Council of Jeffersonville, which states, in relevant part, "(A) The ... discharge of regular employees shall be for cause." Scales asserts that he was terminated for other than just cause, and without an opportunity to be heard.
 
 
 33
 In response, defendants point to Ind.Code Sec. 36-4-11-2, which provides "The executive may suspend or remove from office any officers, deputies, or other employees of the city appointed by him or a prior executive, by notifying them to that effect and sending a written statement of the reasons for the suspension or removal to the city legislative body." Defendants contend that, because the building commissioner is an appointed position, with policymaking powers, this statute allows the mayor to fire Scales at the mayor's discretion.
 
 
 34
 Generally, a protectible property interest is a "legitimate claim of entitlement" which may be created by express or implied contracts, municipal ordinances or state law. Myers v. City of Fort Wayne, Indiana, 729 F.Supp. 625 (N.C.Ind.1990) (citing Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Normally, the Jeffersonville ordinance would create a property interest in favor of Scales. In the instant case, however, we find that the Jeffersonville ordinance is either inapplicable to Scales, or is in conflict with Sec. 36-4-11-2.
 
 
 35
 The Jeffersonville ordinance states that "regular employees" shall only be fired for cause. This Court has found no cases that interpret the city ordinance, but the inclusion of the limiting word "regular" suggests that the ordinance does not apply to all employees. It is reasonable to believe that the Jeffersonville City Council did not intend to limit the ability of the mayor to discharge appointed policymakers.
 
 
 36
 Even if the ordinance did apply to Scales, it would conflict with Sec. 36-4-11-2. Defendants are correct that an ordinance is void insofar as it conflicts with a statute. Hobble By And Through Hobble v. Basham, 575 N.E.2d 693, 607 (Ind.App. 4 Dist.1991). The same rule applies to Scales' contention that the defendants violated Jeffersonville Resolution Number 86-R-29.[2]
 
 
 37
 In City of Peru v. Utility Service Board of the City of Peru, 507 N.E.2d 988 (Ind.App. 4 Dist.1987), the court discussed the history and legislative intent behind Sec. 36-4-11-2. Citing the Indiana Supreme Court case of State ex rel. O'Donnell v. Flickinger, 7 N.E.2d 192 (Ind.1937) which interpreted the predecessor statute to Sec. 36-4-11-2, the Peru court noted that the legislature intended to place the responsibility of appointment and discharge of all mayoral appointees directly upon the mayor, at his pleasure and discretion, so as to make these appointees directly responsible to him. City of Peru, 507 N.E.2d at 992. The court went on to state that in interpreting statutes it is important to recognize what statutes do not say as well as what they do say. There is no exception in the statute that suggests that the executive is limited to "for cause" hirings. The statute clearly contemplates discretionary discharges. Id.
 
 
 38
 The Indiana legislature has recognized, as has the Supreme Court in Elrod and Branti, that an executive must have the discretion to hire and fire those individuals who advise him, who set policy, or who are directly responsible for implementing city policy. Scales is such a person, and Sec. 36-4-11-2 allows the mayor to discharge such employees appointed by him or a prior executive.
 
 
 39
 Finally, plaintiff contends that defendants deprived him of due process because they failed to comply with Sec. 36-4-11-2(d), which provides that the executive, in discharging an appointee, should send a written statement of the reasons for the suspension or removal to the city legislative body. We agree with defendants that these procedures alone do not create an entitlement, and failure to comply with these procedures does not rise to the level of a constitutional deprivation.
 
 
 40
 In order to give rise to a constitutionally protected property interest, a statute must go beyond mere procedural guarantees to provide some substantive criteria limiting the state's discretion--as can be found, for example, in a requirement that employees be fired only "for cause." Cain v. Larson, 879 F.2d 1424 (7th Cir.1989), cert. denied, 493 U.S. 992, 110 S.Ct. 540, 107 L.Ed.2d 537 (1989). If a statute merely delimits what procedures must be followed before an employee is fired, then it does not contain the requisite substantive predicate. Id.
 
 
 41
 Parker's discretion was in no way limited by Sec. 36-4-11-2, and in fact, the statute allows for discharge without any substantive limitation. Given the amount of discretion accorded the mayor by Sec. 36-4-11-2, we find that Scales did not have a property interest in his employment. We thus grant the defendants' motion for summary judgment on the claim of deprivation of a property interest, and deny plaintiff's cross-motion.
 
 
 42
 III. Claim Against the Defendants in their Official Capacity, and Claim Against City of Jeffersonville
 
 
 43
 Scales has asserted claims against Parker in his official capacity, against Harold Lakeman in his official capacity as Personnel Director of Jeffersonville, and state law claims against the City of Jeffersonville itself. A Sec. 1983 suit against an official in his official capacity is treated as a suit against the governmental entity itself. Monell v. Department of Social Services, 436 U.S. 658, 690, n. 55, 99 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978).
 
 
 44
 In his brief, Scales concedes that the City of Jeffersonville had a firm policy prohibiting unconstitutional firings, and thus cannot be liable under Sec. 1983. Scales asserts a different theory of liability. He asserts a pendent claim, contending that the City is liable under a theory of respondeat superior because Parker, Gillenwater, and Lakeman violated the City's ordinances.
 
 
 45
 After the decision in Monell, it is clear that the doctrine of respondeat superior is inapplicable in Sec. 1983 cases. Even though Scales states that his claim against the city is not a Sec. 1983 claim, we decline to allow the plaintiff the opportunity to ignore the custom or policy requirement and sue municipalities through the back door of respondeat superior.
 
 
 46
 In Phipps v. City of Chicago, 718 F.Supp. 719 (N.D.Ill.1989), the court reached the same conclusion when faced with an analogous question. The plaintiffs in Phipps attempted to assert that the City of Chicago was a pendent party to the case, after they had dropped the City as a defendant on the Sec. 1983 claim. The court declined to "haul municipalities into federal court through the back door, i.e., via pendent party jurisdiction. Id. at 720. (citing Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) for the proposition that if a municipality cannot be sued under Sec. 1983, the municipality cannot be brought into federal court as a pendent party).
 
 
 47
 We therefore grant defendants' motion for summary judgment on the claims against the defendants in their official capacity, and against the City of Jeffersonville, and deny plaintiff's cross-motion.
 
 IV. Claim under 42 U.S.C. Sec. 1985
 
 48
 Scales alleges that the defendants violated 42 U.S.C. Sec. 1985 by conspiring to deprive him of his equal privileges and immunities under the law. Plaintiff correctly concedes, however, that the rule in the Seventh Circuit is that Sec. 1985 does not reach nonracial political conspiracies. Bowman v. City of Franklin, J.C., No. 91-3887, 1992 WL 353233 (7th Cir. Dec. 2, 1992) (citing Grimes v. Smith, 776 F.2d 1359, 1366 (7th Cir.1985). Despite plaintiff's disagreement with this rule, it remains the law in this Circuit. Because no racial conspiracy has been alleged, we grant defendants' motion for summary judgment on the Sec. 1985 claim.
 
 Conclusion
 
 49
 For the above reasons, we GRANT the defendants' motion for summary judgment. The plaintiff's cross-motion for partial summary judgment is DENIED.
 
 
 50
 /s/ S. HUGH DILLIN
 
 S. HUGH DILLIN, Judge
 Copies to:
 
 51
 Stephen Voelker, Voelker Law Office, P.O. Box 1446, Jeffersonville, IN 47131-1446
 
 
 52
 Richard G. Segal, Segal & Shanks, 425 East Seventh Street, Jeffersonville, IN 47130
 
 
 53
 Michael A. Gillenwater, P.O. Box 925, Jeffersonville, IN 47131-0925
 
 
 
 [1]
 Jeffersonville City Code Sec. 35.19 provides:
 Sec. 35.19 GRIEVANCES
 (A) An employee who feels that he has been unfairly treated regarding his employment with the City should:
 (1) Step one. Submit an oral grievance to his immediate supervisor within seven working days of the action's occurrence. The immediate supervisor shall meet with the employee and make every effort to resolve the grievance within three working days of the date of the presentation of the grievance.
 
 
 [2]
 Resolution 86-R-29 states, in relevant part, "no employee of the City of Jeffersonville shall be disciplined, demoted, transferred against their will, or otherwise reprimanded for expressing any opinion regarding any elected or appointed official, provided that said opinion is within the confines of the law