**Christopher BUZZELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–9310–CR–580.**

Court of Appeals of Indiana,
Second District.

June 20, 1994.

Bruce N. Munson, Muncie, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

Christopher Buzzell appeals his conviction of three counts of Conversion[1] as class A misdemeanors. Buzzell presents the following two restated issues for review:

I. Did the trial court err in refusing to allow Buzzell to argue in final argument that political signs taken from highway right-of-ways are abandoned property or litter, the removal of which does not constitute conversion?

II. Was the evidence sufficient to support Buzzell's convictions?

We affirm.

The facts favorable to the judgment show that at 11:30 p.m. on April 18, 1992, Officer James Branson of the Muncie Police Department observed Buzzell and Diana Benington placing political yard signs in a trash can in a city park. Branson asked what they were doing. Buzzell responded that he had taken the signs (seventy-six signs advertising eleven separate candidates) from "yards" in retaliation against others who had taken Buzzell's mother's political signs. After placing Buzzell under arrest, Officer Branson initialed the signs and instructed Buzzell to return the signs to the places from which he had taken them. The following morning, Officer Branson determined that some of the signs bearing his initials had been replaced in yards and some had been replaced on highway right-of-ways.

Buzzell was charged by information with three counts of conversion, one for each of three candidates whose signs he had re-

moved. He was found guilty of all three counts following a trial by jury.

### I.

Buzzell's counsel asked the court to state the limits that would be placed upon him in final argument. The court responded:

"[Y]ou cannot say that because something is a public nuisance, there is a right for some individual to remove that property. Likewise, a sign that is placed and becomes a public nuisance by way of this statute is, in the Court's opinion, not automatically a litter [sic] nor is it automatically abandoned by the person who placed it there. Now within those confines, and I know that's probably a difficult thing to do, you can make such arguments as you can. I think you can properly say it is a public nuisance, but I don't think you can refer to the fact that because it is such, that anyone has a right to arbitrarily decide to remove it themselves." *Record* at 253–54.

Buzzell contends that such represents an erroneous restriction upon the scope of his final argument.

The trial court is vested with discretion in controlling the scope of final argument. *Rouster v. State* (1992), Ind., 600 N.E.2d 1342. In order to gain reversal, an appellant must demonstrate abuse of discretion and resulting prejudice. *Taylor v. State* (1983), Ind.App., 457 N.E.2d 594. The trial court's actions in this regard will be reversed only for abuse of discretion. *Rouster, supra.*

It is proper for counsel to argue law and facts upon final argument. *Id.* It is not appropriate, however, for counsel to misstate the law or to state a theory unsupported by the evidence. *Id.* Buzzell's counsel sought to argue that, although Buzzell removed the signs, he removed them from highway right-of-ways, which he contended resulted in the signs being either litter or public nuisances which caused the signs to become abandoned property. In either case, he was prepared to argue, removing the signs did not constitute conversion. Buzzell correctly acknowledges that this is a novel proposition of law in Indiana.

1. Ind.Code 35–43–4–3.

■ Central to Buzzell's argument in this regard is Ind.Code 9–21–4–6, which states, in pertinent part:

"(d) A person may not place, maintain, or display an advertising sign or a device of a permanent or semipermanent character on a highway right-of-way.

(e) Each sign, signal, or marking prohibited under this section is declared to be a public nuisance. The authority having jurisdiction over the highway may remove or cause to be removed the prohibited sign, signal, or marking without notice."

Buzzell acknowledges that the statute explicitly authorizes only "the authority having jurisdiction over the highway" to remove the signs. Buzzell argues, however, that the statute "does not indicate that such entities are *exclusively* permitted to remove the sign." *Appellant's Brief* at 10 [emphasis in original].

■ Unless there is language to the contrary, it is presumed that the naming of one party in a statute as authorized to do an act implies the exclusion of all others. *Cf. City of Peru v. Utility Service Bd. of City of Peru* (1987), Ind.App., 507 N.E.2d 988. Inasmuch as IC 9–21–4–6 specifies only that the authority having jurisdiction of a particular highway may remove "public nuisances" within the meaning of the statute, we conclude that members of the public are not authorized to do so at their sole discretion.

■ Buzzell also argues that because the signs were improperly placed and hence were public nuisances, they were abandoned and became litter, removal of which would not constitute conversion. Buzzell offers no authority for the proposition that a political yard sign not placed upon private property becomes a public nuisance which is deemed abandoned and, therefore, becomes litter that may be removed by members of the public, nor do we find any such precedent. Such a holding would not comport with sound public policy. Viewed broadly, a rule such as Buzzell advocates would vest in each member of the public the power to decide, based upon uncertain standards, whether something constitutes a public nuisance and thus may be removed. Such a rule is untenable.

We conclude that neither of the defenses that the trial court forbade Buzzell from arguing is recognized as a legal defense to a conversion charge. The trial court, therefore, did not abuse its discretion in limiting the scope of Buzzell's final argument.

## II.

■ Buzzell argues that the evidence is insufficient to support his convictions. When considering a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses, but consider the evidence favorable to the judgment, together with the reasonable inferences to be drawn therefrom. *Smedley v. State* (1990), Ind., 561 N.E.2d 776.

Buzzell's argument in this regard is premised in large part upon prevailing on Issue I, *supra*. That is, Buzzell argues that there is no evidence that he removed signs from anywhere other than the highway right-of-way, which he argues, was justified. We have rejected the argument that removing signs from the highway right-of-way was other than conversion. Having rejected Buzzell's argument in Issue I, any argument premised upon the contentions made therein must also be rejected. Moreover, Officer Branson testified that Buzzell reported that he had taken at least some of the signs from yards, and some of the signs bearing Officer Branson's initials were replaced in yards after Officer Branson had directed Buzzell to return the signs to the locations from which they had been taken. The evidence was sufficient to support the convictions.

Judgment affirmed.

KIRSCH and RUCKER, JJ., concur.