Joseph A. BAUCHER and Rebecca M. Baucher, Plaintiffs–Appellants,

v.

EASTERN INDIANA PRODUCTION CREDIT ASSOCIATION and William Buchanan, Defendants–Appellees.

No. 89–2518.

United States Court of Appeals, Seventh Circuit.

Argued May 16, 1990.

Decided July 13, 1990.

Charles W. Ewing, Carla Struble, Columbus, Ohio, for plaintiffs-appellants.

Thomas G. Stayton, Baker & Daniels, Indianapolis, Ind., Mark W. Baeverstad, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, Ind., for defendants-appellees.

Before WOOD, Jr., and FLAUM, Circuit Judges, and CRABB, District Judge.[*]

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiffs Joseph A. Baucher and Rebecca M. Baucher are Ohio citizens who brought this suit to remedy what they claim was a wrongful deprivation of dairy cattle. Joseph and Rebecca's brother, Timothy Baucher, had borrowed money from

[*] The Honorable Barbara B. Crabb, Chief Judge for the Western District of Wisconsin, is sitting by designation.

defendant Farm Credit Services of Mid–America ("Farm Credit")[1] and had given Farm Credit a security interest in livestock and equipment on his Indiana farm. Timothy Baucher fell behind in his payments and proceedings were brought to foreclose the security interests held by Farm Credit.

In preparation for the foreclosure, Farm Credit employee Stephen Turner went to Timothy Baucher's farm to observe the inventory of Baucher's personal property. At the farm, Rebecca Baucher and her attorney confronted Turner and the county sheriff, contesting the ownership of the cattle on Timothy Baucher's farm. Specifically, Rebecca Baucher claimed that the cattle belonged to herself and to her brother, Joseph. In response to an inquiry from the sheriff, Turner observed that the cattle present on the farm were of a like number and kind as the cattle in which Farm Credit believed it had a security interest.

After it became clear that the ownership of the dairy cattle might be in dispute, Rebecca and Joseph Baucher's attorney stated she would request a stay of the foreclosure proceedings and a hearing before a county judge. Turner asked the sheriff not to seize the cattle until the parties settled the ownership issue, but the sheriff responded that he had to follow the orders of the county judge. After a phone conversation with the judge, the sheriff told Turner that he had instructions to seize the cattle the following morning.

Turner returned to Farm Credit's offices and reported to his supervisor, defendant William Buchanan. Turner informed Buchanan of the events that had occurred at Timothy Baucher's farm, especially the dispute over the dairy cattle's ownership. With hopes of stopping the seizure, Buchanan then attempted to reach the county judge, but the judge's secretary would not put the call through because Farm Credit was a party to the foreclosure action.

The following morning, the sheriff attempted to proceed with the seizure but retreated after an encounter with several members of the Baucher family and their shotguns. Within a few days, the sheriff returned to Timothy Baucher's farm with reinforcements and successfully completed the seizure of the cattle. Because of the allegedly excessive force used at the seizure, Joseph and Rebecca Baucher also named the sheriff and his employees as defendants in this suit. The sheriff and his employees reached a separate settlement with the Bauchers and are not a party to this appeal. Because the seizure ruined the cattle for use as dairy cattle,[2] Rebecca and Timothy Baucher also sued Farm Credit and supervisor Buchanan for deprivation of a property interest without due process of law under 42 U.S.C. § 1983 and for conversion under Indiana law.

The parties consented to have the case heard before a magistrate. The magistrate then granted the defendants' summary judgment motion for at least two reasons. First, the plaintiffs had failed to make a sufficient showing that Farm Credit and Buchanan had caused the alleged constitutional deprivation. Second, the plaintiffs had not shown that Farm Credit and Buchanan had acted under the color of state law. The magistrate dismissed the plaintiffs' state tort law claim for conversion without reaching its merits. Joseph Baucher has now perfected an appeal to this court, and we have jurisdiction over his appeal pursuant to 28 U.S.C. §§ 636(c)(3), 1291.

■ As to Rebecca Baucher, we have no jurisdiction over her appeal. The notice of appeal filed in this case stated, "Notice is hereby given that Joseph A. Baucher, et. al. [*sic*], ... appeal to the United States Court of Appeals for the Seventh Circuit...." In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court spe-

---

**1.** At the time of the cattle's seizure, Farm Credit Services of Mid–America was known as Eastern Indiana Production Credit Association. For simplicity's sake, we will refer to the creditor as "Farm Credit."

**2.** The record suggests that dairy cattle need to be milked every day or they will develop mastitis, an "inflammation of the breast or udder" caused by an infection. WEBSTER'S NEW COLLEGIATE DICTIONARY 708 (1974).

cifically condemned this form for a notice of appeal, holding that use of the phrase "et al." failed to meet the specificity required of a notice of appeal by FED.R. APP.P. 3(c). In making this holding, the Court noted that the requirements of rule 3(c) are jurisdictional in nature, *see id.* at 314–15, 108 S.Ct. at 2407–08, and cannot be relaxed even where it is clear that the putative appellant intended to appeal, *see id.* at 317–18, 108 S.Ct. at 2409; *see also FTC v. Amy Travel Serv. Inc.*, 875 F.2d 564, 577 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 366, 107 L.Ed.2d 352 (1989). Thus, even though this court and the appellees might recognize that Ms. Baucher intended to be a party to this appeal, we lack jurisdiction nonetheless. Because the notice of appeal did not name Rebecca Baucher as an appellant, she must be dismissed from the case—a matter of little practical consequence given our discussion of the merits of her brother's case.

■ This leaves Joseph Baucher as the only remaining party to the appeal, but unfortunately for him, his case has little merit. Baucher has sued for deprivation of his property without due process of law, a claim that requires him to show that the plaintiffs acted under color of state law. To establish Farm Credit's and Buchanan's liability, Baucher refers us to *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). According to Baucher, wilful participation in a joint activity with state actors, *see id.* at 941, 102 S.Ct. at 2755, means that a private individual has acted under color of state law and, hence, liability should be imposed. Like all tort liability, however, for liability to arise under 42 U.S.C. § 1983, it is not enough that an individual merely act under color of state law, but the individual must also have caused the plaintiff's loss. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). Baucher has amalgamated the "color of state law" requirement with proof of causation and has failed to meet the defendants' arguments that they did not cause his loss. Because we agree that neither Farm Credit nor its employee, Buchanan, caused any loss to Baucher as a matter of law, we have no need to discuss whether the defendants acted under the color of state law.

The principles of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), define our decision. While we view the facts in the light most favorable to the nonmoving party, *Celotex* makes clear that there is an affirmative burden of production on the nonmoving party to defeat a proper summary judgment motion. *See id.* at 323–24, 106 S.Ct. at 2552–53. Thus, summary judgment is appropriate where the nonmoving party fails to make a sufficient showing on an essential element of his case, on which he would bear the burden of proof at trial. *See id.* at 322–23, 106 S.Ct. at 2552. *Anderson* adds to this analysis by calling for a quantitative determination of the evidence; it requires the court, before denying summary judgment, to determine there is sufficient evidence for a jury to find a verdict in favor of the nonmoving party. *See* 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473, 476 (7th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988).

Drawing inferences in the light most favorable to Baucher, we must assume that he partly owned the cattle seized by the sheriff and that the defendants' debtor, Timothy Baucher, had no interest in the cattle. In addition, we should infer that Farm Credit and its employee, Buchanan, were in possession of documents that might have revealed the cattle's true ownership.

Nevertheless, Baucher has failed to make a sufficient showing that he would be able to prove the essential element of causation at trial. In support of their motion for summary judgment, the defendants produced undisputed evidence that although they were the parties who initiated the foreclosure proceedings, they attempted to stop the seizure of the cattle once ownership became an issue. First, the defendants' employee at the scene, Stephen Turner, attempted to dissuade the sheriff

from proceeding with the seizure. Second, defendant Buchanan tried to call the county judge in the hopes that he might order the sheriff to stop. Third, the defendants relied on the representation of Baucher's own attorney that she would attempt to obtain a stay of the foreclosure proceedings. The only piece of evidence that would indicate the defendants encouraged the cattle's seizure is Turner's statement that the cattle were of a like kind and number as those in which Farm Credit believed it had a security interest—hardly an unambiguous demand that the sheriff proceed with the seizure.

While Baucher's case is not devoid of evidence, the defendants' evidence on the issue of causation is so overwhelming that only one result would be possible. *See Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12. Viewing this evidence as a whole, a reasonable jury could only conclude that the seizure of the cattle and any loss to Baucher were caused by independent actions of the sheriff, for which the defendants cannot be held legally accountable. At trial, Baucher would fail on the issue of causation, and summary judgment is appropriately entered against him.

Apparently, Baucher also asserts that the defendants should be held liable because they were the parties who initiated the foreclosure process. While this may arguably be enough to cloak a party with the title of state actor, *see Lugar*, 457 U.S. at 945–46, 102 S.Ct. at 2757–58 (Powell, J., dissenting), it does not satisfy the element of causation. In effect, Baucher would have us hold a private litigant absolutely liable for all actions of all judicial officers connected with a suit brought by that litigant. We do not hesitate to reject this broad expansion of liability. While the defendants in this case may have started the ball rolling, they did everything in their power to stop the seizure of the cattle. Where a private litigant tries to stop the wheels of justice from wrongfully grinding over his opponent, that litigant should not be responsible for the opponent's loss.

Finally, we turn to Baucher's Indiana conversion claim. Because the parties are diverse and the jurisdictional minimum has been met, the magistrate should not have dismissed this claim without reaching its merits. Nevertheless, we can affirm on any basis that appears in the record. *Klingman v. Levinson*, 877 F.2d 1357, 1360 n. 3 (7th Cir.1989); *Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271, 1284 (7th Cir.1989). The defendants argue that like Baucher's 1983 count, the element of causation is missing from his conversion claim. We agree, but we need not belabor the point. Because we believe that Baucher failed to make a sufficient showing of causation on his section 1983 claim, we also find his conversion claim to be similarly defective. Any loss to Baucher was simply not the result of the defendants' actions.

Two things are missing in this case: causation and a proper notice of appeal. Accordingly, the appeal of Rebecca Baucher is dismissed, and the judgment of the district court granting summary judgment to defendants Farm Credit and Buchanan is affirmed.

DISMISSED IN PART AND AFFIRMED IN PART