924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward O. WATKINS, Petitioner/Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent/Appellee.
 No. 90-1826.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1990.*
Decided Jan. 30, 1991.
 
 Before POSNER, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se petitioner Edward Watkins appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 challenging his parole hearing. The district court dismissed the petition, reasoning that "[p]etitioner has already challenged this hearing in a previous case" and that "[e]ven if the claims are not identical which they appear to be, he could have raised any claims he is now raising in a prior case." We affirm.
 
 
 2
 Although we do not reach the question of whether the district court correctly dismissed Watkins' habeas petition as a successive petition,[1] we affirm the dismissal on other grounds. See Baucher v. Eastern Indiana Production Credit Assn., 906 F.2d 332, 335 (7th Cir.1990) ("we can affirm on any basis that appears in the record"). Under 28 U.S.C. Sec. 2243, governing the issuance of the writ of habeas corpus, the petition must be directed to the petitioner's custodian. The petitioner's custodian is the individual possessing the authority to exercise day-to-day control over the prisoner. Guerra v. Meese, 786 F.2d 414, 416 (D.C.Cir.1986).
 
 
 3
 Here, the petitioner named the United States Parole Commission as the respondent. However, the parole commission is not the proper named defendant in this habeas proceeding. This is true even though the petitioner is challenging the actions of the parole commission. Chatman-Bey v. Thornburgh, 864 F.2d 804, 811 (D.C.Cir.1988) (although the parole commission is responsible for making parole decisions affecting a prisoner's release, it is not the custodian of prisoner seeking release). Since the petitioner is currently incarcerated in a federal penitentiary, his custodian is the warden of that facility. Watkins must bring this action against him. Accordingly, we affirm the district court's dismissal of Watkin's Sec. 2241 petition. We express no opinion as to the merits of Watkins Sec. 2241 petition.
 
 
 
 *
 This appeal is submitted for decision without the filing of a brief by the appellee. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the appellant's brief
 
 
 [1]
 It would be difficult to do so. Although the district court refers to case number 86-C-135-S in its order, it does not appear that the record before the district court contained Watkins' prior habeas corpus petition. Similarly, because the prior petition and its disposition are not part of the record on appeal, our review of whether the petition presented the same grounds as a prior petition would be impossible