927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
JAMES E. WAGNER, Plaintiff/Appellant,
v.
GARY L. HENMAN, Warden, Defendant/Appellee.
 No. 89-3768.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided Feb. 28, 1991.
 
 Appeal from the United States District Court for the Southern District of Illinois, Benton Division, No. 85-4348, William D. Stiehl, Judge.
 S.D.Ill.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Wagner appeals the district court's grant of summary judgment to the defendant. Wagner originally brought this Sec. 2241 action alleging that the defendants failed to comply with 28 C.F.R. 544.101(b), requiring federal prison officials to supply inmates with various types of reading material.[1] With this appeal, we visit Wagner's claim for a second time. In a previous unpublished order (Appeal No. 86-1753) we remanded the matter to the district court for further inquiry as to the newspapers and periodicals the defendants supply to the inmates at USP-Marion.
 
 
 2
 On remand, the defendant presented the district court with additional evidence regarding efforts to supply the inmates at USP-Marion with newspapers and periodicals. Three affidavits were submitted in support of the defendant's motion for summary judgment which provide evidence that inmates at Marion receive a wide variety of magazines and that the prison maintains a subscription to the local daily newspaper. The affidavit of former warden Jerry Williford indicates that the inmates are provided with reading materials including TV Guide, Christian Scientist Monitor and National Geographic. Further, the affidavit of L.D. Sheffer, Education Program Director at USP-Marion, states that the institution distributes copies of the Daily Egyptian, the local newspaper to the inmates. Sheffer's affidavit also describes a system whereby prison staff retrieve undeliverable magazines from area post offices. The magazines are then distributed to inmates. Finally, Charles R. Church submitted an affidavit outlining his book and periodical purchasing procedures. He stated that he purchases 600 to 750 salvaged magazines every two weeks. These included issues of Time, Playboy, Newsweek, and Esquire. According to Church, at least forty magazines are rotated through each prison unit each week.
 
 
 3
 After receiving this evidence, the district court concluded that the defendant was not required to comply with Sec. 544.101(b)[2]. Wagner contends that the district court erred in finding that the defendant was exempt from the directive of Sec. 544.101(b) and erred in failing to rule on Wagner's motions for class certification and injunctive relief.
 
 
 4
 Nevertheless, we need not reach the question of the defendant's ability to suspend compliance with 544.101(b) because we can affirm the outcome of a district court decision on any basis that appears in the record. Baucher v. Eastern Indiana Production Credit Assoc., 906 F.2d 332, 335 (7th Cir.1990). Further, our review of a district court's disposition of a summary judgment is de novo and we will examine the full record. Puckett v. Soo Line Railroad Co., 897 F.2d 1423, 1427 (7th Cir.1990).
 
 
 5
 Although the district court's order does not outline the specific findings of fact regarding defendant's compliance with 544.101(b), the affidavits included in the record of its inquiry provide ample support for defendant's motion for summary judgment. Defendant offers a wide variety of magazines from various sources to the inmates. The affidavits also indicate that the inmates have access to daily newspapers. There is no genuine issue of material fact as to whether the defendant offers periodicals and newspapers to the inmates.
 
 
 6
 Because the record supports the defendant's contention that the administrators at USP-Marion comply with 544.101(b), we AFFIRM the district court's determination on other grounds.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 28 C.F.R. Sec. 544.101(b) states, "The inmate library shall offer an inmate a variety of reading materials, including but not limited to, periodicals, newspapers, fiction, non-fiction and reference books."
 
 
 [2]
 Rather than evaluate the affidavits demonstrating compliance with Sec. 544.101(b), the district court addressed defendant's alternative argument that it need not comply with the regulation because 28 C.F.R. Sec. 501.1 affords prison officials the discretion to suspend rules in prison emergencies. (R. 66, p. 4). Further, the district court concluded that a letter from Associate Commissioner of the Bureau of Prisons Gerald M. Farkas was issued pursuant to the "good cause exception" to the notice and comment requirements of the Administrative Procedure Act, 5 U.S.C. Sec. 553(b)(B). Therefore, the district court concluded that the letter provided USP-Marion another basis for exemption from Sec. 544.101(b). (R. 66. p. 3)