930 F.2d 25
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael TERRY, Plaintiff/Appellant,
v.
Kenny MORGAN, Lieutenant Gary Tazelaar, Lieutenant Johnson,
et al., Defendants/Appellees.
 No. 90-2142.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 3, 1991.*
Decided April 12, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Terry appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging various violations of his civil rights.
 
 I. FACTS
 
 2
 On February 14, 1987, while Michael Terry was incarcerated at Stateville Correctional Center, he was working in the E-house tunnel with a motion picture crew that was filming Weeds. Terry went up to Lt. Tazelaar, an employee of the Illinois Department of Correction, and asked for permission to go to the dining room for some coffee. The request was denied. Again Terry asked, and again Tazelaar denied his request. Terry then walked away, and Tazelaar heard someone say "fuck you." Tazelaar approached Terry and called for Lt. Robertson. Tazelaar did not believe Terry's explanation that it was a third party and not he who uttered the obscenity.
 
 
 3
 Later that day, Terry received a disciplinary report charging him with a dangerous disturbance, insolence, and disobeying a direct order. On February 20, 1987, the Adjustment Committee, which consisted of defendant Scott and two John Does, found Terry guilty of insolence, but dropped the other two charges. Terry's punishment was 90 days in "C" grade and six days in segregation with credit for the time he had already served. Terry filed a grievance with defendants Allen, Tero, and ??, but this grievance was denied.
 
 
 4
 On October 1, 1987, Terry filed a complaint pursuant to 42 U.S.C. Sec. 1983. In his amended complaint he alleged the following violations of his rights under the due process clause of the fourteenth amendment: 1) his placement in segregation without a prior hearing in the absence of an emergency situation; 2) a finding of guilty based on insufficient evidence; and 3) unconstitutional vagueness of Disciplinary Rule 304, which defines "insolence." See 20 Ill.Admin.Code Sec. 504 Table A. The district court granted the defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed Terry's complaint for failing to state a claim upon which relief may be granted.
 
 
 5
 On appeal, Terry asserts that the dismissal of his case was improper. He asks this court to reverse the district court's holding and remand his case.
 
 II. ANALYSIS
 
 6
 This court reviews the dismissal of a case de novo, taking the allegations in the plaintiff's complaint as true. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir.1990). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The burden is on the defendant to establish the legal insufficiency of the complaint. Yeksigian v. Nappi, 900 F.2d 101, 104 (7th Cir.1990).
 
 A. Placement in Segregation
 
 7
 Terry contends that he had a liberty interest in being in the general population and that the defendant prison officials violated his constitutional right to due process of law. Although the due process clause itself does not create a liberty interest in a prisoner's remaining in the general population, an enforceable liberty interest may be created by state law by placing substantive limitations on official discretion. Kellas v. Lane, No. 89-2923, slip op. at 4 (7th Cir. Jan. 22, 1991) (citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461-62 (1989)).
 
 
 8
 The district court judge assumed that Illinois Department of Corrections Rule Sec. 504.40 granted an inmate a protected liberty interest in avoiding temporary confinement in segregation pending a disciplinary hearing, but concluded that Terry had received all the process that is due. Memorandum and Order at 6-8. Subsequent to the district court's decision, this court held that Section 504.40 does not create a liberty interest. Woods v. Thieret, 903 F.2d 1080, 1083 (7th Cir.1990). Therefore, though we affirm the district court's dismissal of this issue, we do so on a different ground. Baucher v. Eastern Indiana Production Credit Ass'n, 906 F.2d 332, 335 (7th Cir.1990) (we can affirm on any ground that appears in the record).
 
 
 9
 Terry also alleges that he was placed in segregation arbitrarily in violation of section 504.40. He states that he was not posing a threat or danger to the safety or security of Tazelaar and that Tazelaar had limited discretion in placing him in segregation before a hearing. An action under section 1983 requires an allegation of a deprivation of a federal right. Estate of Himelstein v. City of Fort Wayne, Ind., 898 F.2d 573, 575 (7th Cir.1990). Terry is alleging a violation of a state regulation, however, and this court has held that "[a] violation of state law does not state a claim under Sec. 1983." Kasper v. Bd. of Election Comm'rs of the City of Chicago, 814 F.2d 332, 342 (7th Cir.1987).
 
 
 10
 Finally, on appeal Terry alleges that he was placed in segregation without a finding of a serious rule violation or misconduct. This issue was not raised below and is therefore waived on appeal. Colon v. Schneider, 899 F.2d 660, 671 n. 18 (7th Cir.1990).
 
 B. Sufficiency of the Evidence
 
 11
 Terry next alleges that there was no evidence to support the Adjustment Committee's finding of guilt. He contends that the Committee based its decision on Tazelaar's credibility, which he argues was insufficient based on his own denial of the charges.
 
 
 12
 When passing on a prison disciplinary decision, the standard for review of the sufficiency of the evidence is whether some evidence supports the disciplinary board's conclusion. Superintendent Mass. Correctional Institution v. Hill, 472 U.S. 445, 455-56 (1985). This standard does not require an examination of the entire record. Lenea v. Lane, 882 F.2d 1171, 1175 (7th Cir.1989). Nor does this court independently reweigh the evidence or reevaluate the credibility of the witnesses. Hill, 472 U.S. at 455. Rather, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the Adjustment Committee. Id. at 455-56. Tazelaar's testimony provides such evidence upon which the Adjustment Committee based its decision to satisfy the Hill requirement. Because the Adjustment Committee's findings are supported by some evidence, we affirm the district court's grant of a dismissal for failure to state a claim based on insufficiency of the evidence.
 
 C. Vagueness
 
 13
 Finally, Terry claims that the definition of "insolence" in Disciplinary Rule 304 is unconstitutionally vague and therefore in violation of his due process rights. Insolence is defined there as: "Talking, touching, gesturing, or other behavior which harasses, annoys, or shows disrespect." 20 Ill.Admin.Code Sec. 504 Table A. Terry alleges that this definition is ambiguous and lends itself to abuse.
 
 
 14
 Although due process requirements may be less stringent when applied to prison regulations, a prison rule must nonetheless give the prisoner fair notice of the prohibited conduct. Rios v. Lane, 812 F.2d 1032, 1038 (7th Cir.1987). The district court found, and we agree, that the definition of insolence gave Terry fair notice that an obscenity directed at a prison guard is the type of talking that shows disrespect. Moreover, Terry had been charged with insolence before. Therefore, the district court correctly found that the rule was not constitutionally vague as applied to Terry.
 
 III. CONCLUSION
 
 15
 For all of the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs