940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert De. MALLORY, et al., Plaintiffs-Appellants,
v.
Tommy THOMPSON, et al., Defendants-Appellees.
 No. 89-2489.
 United States Court of Appeals, Seventh Circuit.
 July 17, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 The petition for rehearing is granted. Braucher v. Eastern Indiana Production Credit Association, 906 F.2d 332, 333-34 (7th Cir.1990), supports appellate jurisdiction limited to Mallory's claim. Pride v. Venango River Corp., 916 F.2d 1250 (7th Cir.1990), on which our prior order relied, did not overrule Braucher, which we shall follow here.
 
 
 2
 Unfortunately for Mallory, appellate jurisdiction simply opens up the next level of the jurisdictional question, and we conclude that the district court had none. Mallory's complaint alleges that prison officials discriminate on account of race. It does not allege, however, that prison officials have discriminated against him on account of race. Mallory is not entitled to assert the rights of other inmates (this is not a class action), and his dismay at the treatment afforded others does not establish a case or controversy within the scope of Article III. Allen v. Wright, 468 U.S. 737 (1984); Los Angeles v. Lyons, 461 U.S. 95 (1983); Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 40 n. 20 (1976); Warth v. Seldin, 422 U.S. 490, 502 (1974). The district court, rather than dismissing the complaint as frivolous, should have dismissed it for want of jurisdiction, as it fails to allege a justiciable controversy.
 
 
 3
 The judgment is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.