ALLSTATE INSURANCE
COMPANY, Plaintiff,

v.

Scott Lee CARMER, Terry Carmer,
Kathleen A. Carmer, and Robert
Garnett, Defendants.

No. IP-91-065-C.

United States District Court,
S.D. Indiana,
Indianapolis, Division.

Nov. 8, 1991.

John W. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, Ind., for Allstate Ins. Co.

Samuel L. Jacobs, Mitchell, Hurst, Jacobs & Dick, Indianapolis, Ind., for Scott Lee Carmer.

Olivia A. Napariu, Mitchell, Hurst, Jacobs & Dick, Indianapolis, Ind., for Kathleen A. Carmer.

## ENTRY

DILLIN, District Judge.

This cause comes before the Court on plaintiff Allstate Insurance Company's motion for summary judgment. For the following reasons the motion is granted.

### Background

The material facts in this action are not in dispute. On Friday, November 4, 1988, Robert Wagner, Ross Maddox, Michael Sweet, and defendant Robert Garnett (collectively referred to as "the boys") decided to spend an evening at Union Station in Indianapolis. Sweet obtained his parents Buick station wagon and the four proceeded to Indianapolis. On the way, since the boys were underage, they located an unidentified person who provided at least a case of beer for them. The beer was bought with money pooled together by

Maddox, Garnett and Sweet, and possibly Wagner.

When the boys arrived at Union Station, Maddox, Garnett, and Sweet went in and stayed for about 30–45 minutes. Meanwhile, Wagner remained with the station wagon and began drinking. With Wagner driving, the four proceeded to Greenwood High School to see a football game. Maddox, Garnett, and Sweet allegedly drank their first beers during this excursion. Because the game was over when they arrived, the boys immediately left and then, without destination, proceeded to drive around. Beer was passed from Garnett and Sweet in the back to those in the front. All of the boys were drinking.

Wagner came to an intersection, stopped, looked to his right, and started out. However, he apparently failed to look left and pulled into the path of a Datsun in which defendant Scott Carmer was a rear seat passenger. A collision resulted in which all were injured, with Scott being injured severely. Garnett was in the back seat of the Buick at the time of the accident.

On September 17, 1990, Scott and his parents filed suit in Johnson County Superior Court against Nissan, the maker of the Datsun, the dealers who sold it, and the driver and passengers of the Buick, including Garnett. As to Garnett, Scott contends that he is liable for negligently, and in violation of Ind.Code § 7.1–5–7–8(a) and Ind.Code § 7.1–5–10–15, furnishing alcohol to a minor.

At the time of the accident, the Garnetts had a "Renters Policy" covering their residence issued by plaintiff Allstate Insurance Company (Allstate). The Garnetts' Renters Policy also provided, in Section II, Coverages X and Y, that Allstate would pay "damages which an insured person becomes legally obligated to pay because of bodily injury ... arising from an accident ... off the insured premises, if the bodily injury ... is caused by the activities of an insured person ..." The policy also provided that Allstate would pay the medical expenses of a person sustaining such bodily injuries.

Allstate has brought the present action seeking a declaratory judgment that Robert Garnett is not entitled to coverage under the Renters Policy for his activities. Allstate alleges, among other theories, that Garnett's actions exclude him from coverage.

### Discussion

■ Allstate has moved for summary judgment. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.Pro 56(c). While facts are viewed in the light most favorable to the nonmoving party, there is an affirmative burden of production on the nonmoving party to defeat a proper summary judgment motion. *Baucher v. Eastern Indiana Production Credit Association,* 906 F.2d 332, 334 (7th Cir.1990) (following *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). Before the Court denies summary judgment, it must be determined whether there is sufficient evidence for a jury to find a verdict in favor of the nonmoving party. *Id.* (following *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986)).

■ Allstate contends that pursuant to two separate exclusions in the Garnetts' Renters Policy, it is entitled to summary judgment. Since we consider the second to be clearly dispositive, we will consider it first.

The second exclusion raised by Allstate provides:

We do not cover bodily injury ... resulting from:

   *     *     *     *     *     *

a) A criminal act or omission;

   *     *     *     *     *     *

This exclusion applies regardless of whether the insured person is actually charged with, or convicted of, a crime.

Since it is undisputed that Garnett has committed the acts described in Ind.Code § 7.1–5–7–8(a) and 7.1–5–10–15, the exclusion, as Allstate argues, would seem to

apply.[1] However, the defendants assert that under Indiana law Garnett could not commit a criminal act, since he was only 14 years of age at the time of the accident. The defendants note that Ind.Code § 31–6–4–1(a) expressly defines a "delinquent act" and shows that Garnett's actions fall within this definition.[2]

This precise issue has apparently not arisen before in Indiana, as neither the parties, nor this Court, have located pointed authority. However, we believe the issue is easily resolved. In light of the fact that conviction is not required for the exclusion to be applicable, the question is did the conduct in question violate a criminal statute? The question is not, as the defendants would have it, whether the actor could be prosecuted criminally. The Indiana criminal code does not say "this is a criminal act unless you are a juvenile"—it simply defines the crime. Since Garnett's actions constitute a violation of the Indiana criminal code, we hold that the exclusion applies. The plaintiff's motion for summary judgment is therefore granted.

■ Though our holding above is dispositive, we note that the first exclusion raised by Allstate, Exclusion 6, would also exclude Garnett from coverage. Exclusion 6 provides that coverage will not be provided for "bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motorized land vehicle or trailer."

Garnett's potential liability is ultimately tied to his occupancy of the automobile. It is only because of his activity in the automobile that he could be held liable for Scott's injuries. See Sharp v. Indiana Mutual Ins. Co., 526 N.E.2d 237, 240 (Ind. App.1988); Standard Mut. Ins. Co. v.

*Bailey*, 868 F.2d 893 (7th Cir.1989). Therefore the exclusion applies.

For all of the above reasons, Allstate's motion for summary judgment is granted, and a declaratory judgment will be entered accordingly.

## JUDGMENT

The Court having this day filed its entry in the above captioned matter, granting plaintiff's motion for summary judgment, which entry reads as follows: (H.I.), now therefore in accordance therewith,

IT IS ADJUDGED AND DECREED as follows:

1. The Allstate Renters Policy number 012 277 238 issued by plaintiff to Raymond Garnett provides no coverage under the Family Liability Protection (Coverage X) or the Guest Medical Protection (Coverage Y) for any claims by defendants Scott Lee Carmer, Terry Carmer or Kathleen A. Carmer against defendant Robert Garnett for any of the Carmers' damages, injuries or losses arising out of, or due to the accident of November 4, 1988.

2. Plaintiff Allstate Insurance Company has no obligation under the terms of the Allstate Renters Policy issued to Raymond Garnett to pay or satisfy, in whole or part, any judgment for damages or medical expenses which may be rendered in any action by the defendants Carmer against defendant Robert Garnett for any of their claims for damages, injuries or losses arising out of, or due to the accident of November 4, 1988.

3. Plaintiff Allstate Insurance Company has no obligation under the terms of the Allstate Renters Policy issued to Raymond Garnett to compromise or settle, or to assist in compromising or settling, any claims by the defendants Carmer against defen-

---

1. Ind.Code § 7.1–5–7–8(a) provides: "It is a Class C misdemeanor for a person to recklessly sell, barter, exchange, provide, or furnish an alcoholic beverage to a minor." Ind.Code § 7.1–5–10–15 provides in part: "(a) It is unlawful for a person to sell, barter, deliver, or give away an alcoholic beverage to another person who is in a state of intoxication if the person knows that the other person is intoxicated...."

2. Ind.Code § 31–6–4–1(a)(1), (6) provides: "A child commits a delinquent act if, before attaining the age of eighteen (18), the child:

(1) Commits an act that would be an offense if committed by an adult, except an act committed by a person over which the juvenile court lacks jurisdiction under IC 31–6–2–1.1;

\* \* \*

(6) Violates IC 7.1–5–7" (concerning minors and alcoholic beverages).

dant Robert Garnett for any of their claims for medical expenses damages, injuries or losses arising out of, or due to the accident of November 4, 1988.

4. Plaintiff Allstate Insurance Company has no obligation under the terms of the Allstate Renters Policy issued to Raymond Garnett to defend, or assist in defending, defendant Robert Garnett against any claims in any action or lawsuit by the defendants Carmer against defendant Robert Garnett arising out of, or due to the accident of November 4, 1988.

5. Costs are assessed against defendants.