**ALLSTATE INSURANCE CO., Plaintiff,**

v.

**Edward J. CUTCHER, et al., Defendants.**

**No. 3:93CV7721.**

United States District Court,
N.D. Ohio,
Western Division.

Jan. 29, 1996.

---

See also, 1992 WL 206956.

Michael E. Hyrne, John A. Borell, Doyle, Lewis & Warner, Toledo, OH, for Allstate Insurance Company.

Robert W. Bryce, Huffman, Schlageter, Brier & Bryce, Oregon, OH, Gary A. Breier, Oregon, OH, for Edward J. Cutcher.

Jack M. Lenavitt, Law Offices of Jack M. Lenavitt, Toledo, OH, Burton A. Kalniz, Kalniz, Iorio & Feldstein, Toledo, OH, for John R. Polofka.

## MEMORANDUM & ORDER

CARR, District Judge.

This is a declaratory judgment action in which the plaintiff Allstate Insurance Company seeks a determination of whether coverage under a homeowners policy is excluded pursuant to the "criminal acts" and "intentional acts" exclusions of its policy. For the reasons that follow, I conclude that coverage is excluded under the "criminal acts" exclusion of the policy.

The policy was purchased by Edward and Betty Cutcher, who are the parents of Edward J. Cutcher (Edward). Edward was, at the time of the incident giving rise to this litigation, a child, as that term is defined by Sec. 2151.011 of the Ohio Revised Code.

That incident involved an altercation between Edward and one David Tiller on June 18, 1989. Edward and Tiller were at a restaurant adjacent to the Maumee River in Toledo, Ohio. Companions of Tiller and Edward were arguing; Edward believed that Tiller was about to punch him. Edward hit Tiller, who fell backwards into the river and drowned.

As a result of his actions, Edward was alleged in a complaint filed in the Juvenile Court of Lucas County, Ohio, to be a delinquent child. Pursuant to O.R.C. Sec. 2151.02(A), a child is a delinquent child if he "violates any law of this state ... which would be a crime if committed by an adult."

The complaint alleged that Edward was delinquent because he had committed an offense, namely involuntary manslaughter, O.R.C. Sec. 2903.04, that would be a crime if committed by an adult. Edward was adjudicated delinquent as alleged in the complaint.

The Juvenile Court's finding that Edward was delinquent as alleged in the complaint necessarily encompassed a finding that Edward's acts, which led to Tiller's death, were within the definition of the offense of involuntary manslaughter, as defined in O.R.C. Sec. 2903.04.

■ Edward's parents purchased homeowner's coverage from Allstate. They claim

that any liability accruing to Edward in the wrongful death action brought against him by Tiller's estate is covered under that policy. Allstate disputes that claim, and contends that the policy's exclusion for criminal acts bars coverage.

The pertinent provision of the Allstate policy states:

We do not cover bodily injury or property damage resulting from ... [a] criminal act.... This exclusion applies regardless of whether the insured person is actually charged with, or convicted of, a crime.

Resolution of this lawsuit requires consideration of the interplay between Ohio's Criminal Code and its Juvenile Code. According to Edward, his act in striking Tiller could not be a "criminal act" because he could not, under Ohio's Juvenile Code, be convicted of having committed a crime. Section 2151.358(H) provides that a finding of delinquency "shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of the adjudication."

The principle, as embodied in this provision, that adjudication of delinquency is not a criminal conviction was the basis for the decision in *Allstate Ins. Co. v. Lewis,* 732 F.Supp. 1112, 1114 (D.Colo.1990), that the criminal acts exclusion was not applicable to a juvenile who was adjudicated delinquent. To characterize a delinquent's "offense as criminal," the court stated, "would thwart the clear intent of the ... General Assembly" that juveniles be treated differently than adult criminal defendants.

In *Allstate Ins. Co. v. Carmer,* 794 F.Supp. 871, 873 (S.D.Ind.1991), in contrast, another district court concluded that the criminal acts exclusion was applicable to conduct giving rise to an adjudication of delinquency. Rejecting the argument that a finding of delinquency is inconsistent with viewing the child's acts as criminal, the court stated:

The question is not, as the defendants would have it, whether the actor could be prosecuted criminally. The ... criminal code does not say "this is a criminal act unless you are a juvenile"—it simply defines the crime. Since [the child's] actions

constitute a violation of the ... criminal code, we hold that the exclusion applies.

There appears to be no decision by an Ohio reviewing court addressing these differing views of the significance of a child's status as a juvenile delinquent. Though I certified this question to the Ohio Supreme Court pursuant to Rule XVIII of the Supreme Court Rules of Practice (Doc. 53), the Supreme Court declined to adjudicate the question.

On reflection, I am persuaded that the better approach is that taken by the court in *Carmer.* I conclude, accordingly, that the criminal acts exclusion applies, and Edward is not covered by his parents' homeowner's policy. The Ohio legislature has adopted a criminal code that defines crimes without regard to the age of perpetrator. Those definitions describe the acts which can result in criminal liability.

Commission of an act described in the criminal code is not, however, to be equated automatically with conviction of a crime. To be convicted of the crime, the perpetrator must be discovered, charged, and found guilty.

At any point, and for a variety of reasons, conviction may, however, be avoided, even though the perpetrator committed the acts defined as criminal by the statute. The perpetrator may not be discovered, found, or apprehended by the police before expiration the statute of limitations; the prosecutor may elect not to charge or proceed with a charge; or the jury may conclude that the proof is insufficient to find the defendant guilty beyond a reasonable doubt.

The fact that any one of those circumstances occurs does not remove the defendant's conduct from the statutory definition as found in the Criminal Code. His acts constitute a crime even if, for whatever reason, he is not, under Ohio law, a criminal.

The Juvenile Code does not affect the definition of criminal conduct as set forth in the Criminal Code. Instead, the Juvenile Code simply prevents treatment and conviction of a juvenile as a criminal. A child's status vis-a-vis the meaning given to his conduct in the Criminal Code is no different from that of an adult who, for whatever reason, is not con-

victed of a crime despite his having committed acts defined by Ohio law as a crime. The child's act remains a "criminal" act under the law of Ohio, even though he cannot be convicted of a crime. The legal status and the character of the act, as defined under Ohio law, remains unchanged regardless of the institution or outcome of a criminal proceeding.

The Allstate policy at issue anticipates this situation by expressly stating that the "exclusion applies regardless of whether the insured person is actually charged with, or convicted of, a crime." The fact that Edward was alleged to be and found delinquent, rather than being prosecuted and convicted as an adult, is immaterial under the policy and its exclusionary language.

■ I am also persuaded that this interpretation of Ohio law and its operation does not conflict with the state's public policy. The Juvenile Code extends only limited protections to children who commit offenses that would be criminal if they were adults. The protections afforded by the Juvenile Code are not absolute, and a delinquent can still lose his liberty for an extended period of time. See O.R.C. Sec. 2151.35.5. The Juvenile Code acts, in a word, to reduce the consequences: it does not remove them entirely. The limited relief extended by the Juvenile Code is not altered or adversely affected, much less undone, by continuing to view the underlying conduct as criminal.

Ohio law does not require, and logic does not support, a finding that the criminal acts exclusion is inapplicable to conduct resulting in an adjudication of delinquency, rather than conviction of a crime. I conclude, accordingly, that the plaintiff is entitled to a declaration that it is not obligated to provide coverage to Edward or his parents for his criminal acts.

It is, therefore,

ORDERED THAT plaintiff's motion for summary judgment be, and the same hereby is granted.

So ordered.