This is an accelerated appeal arising from a judgment entered by the Madison County Court of Common Pleas declaring that plaintiff-appellee, The Horace Mann Companies ("appellee"), has no duty to defend or indemnify defendants-appellees, Andy and Vicki Harris, for personal injuries sustained by defendant-appellant, Bradley Cannon ("Bradley"), as a result of an assault committed upon him by Andy Harris ("Andy").
On November 20, 1994, Bradley, a juvenile, and a friend were playing hockey in the street near Bradley's home. The boys were approached by a group of juveniles who were later joined by Andy, also a juvenile. Bradley and Andy became involved in an argument which escalated into a physical confrontation. According to Andy's deposition testimony, Bradley "come at [him] with a hockey stick" and hit him with the stick on the left side of his face. Andy testified that he had retrieved a broken pool cue from a member of the group of juveniles he had joined and that he lifted the pool cue over his head and threw the cue, like a baseball, at Bradley from a distance of approximately fifteen feet. Andy testified that when he threw the pool cue at Bradley, he "was trying to hit [Bradley] with it" and wanted to hurt Bradley. The pool cue thrown by Andy hit Bradley in the head causing serious injury.[1] Andy was subsequently adjudicated delinquent in juvenile court as a result of the assault committed upon Bradley.[2]
At the time of the assault, Andy and his mother, Vicki Harris, were insured under a policy of homeowners insurance issued by appellee. The policy contained a clause which excludes coverage for bodily injury which results from "any loss which is expected or intended by the insured" or an act committed by an insured "which constitutes a violation of any criminal law or statute."
On July 24, 1995, Bradley and his mother, Barbara Cannon, filed a complaint against Andy and his mother, Vicki Harris, seeking damages as a result of the November 20, 1994 assault upon Bradley by Andy. On January 24, 1996, appellee filed a complaint for a declaratory judgment seeking judgment declaring that the homeowner's liability insurance policy issued to the Harrises does not cover the injuries and damages arising from the assault and battery committed by Andy upon Bradley. Appellee and the Cannons subsequently filed motions for summary judgment.
On October 24, 1996, the trial court filed a decision and entry declaring that appellee has no duty to defend or indemnify the Harrises for the damages and injuries sustained by Bradley. The trial court specifically found that when Andy threw the broken pool cue at Bradley, he intended to hurt Bradley and that Bradley's injuries were reasonably expected from Andy's criminal act. It is from this judgment that the Cannons now appeal, setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DECLARATORY JUDGMENT BASED UPON THE ALLEGATIONS CONTAINED IN APPELLANT'S ORIGINAL COMPLAINT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN SUMMARILY DETERMINING THE INTENT OF ANDY HARRIS AND FAILED TO MAKE THE NECESSARY FINDING TO EXCUSE THE APPELLEE FROM ITS DUTY TO DEFEND ANDY AND VICKI HARRIS.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FINDING THAT THE ADMISSION OF DELINQUENCY BY ANDY HARRIS ESTABLISHED HARRIS'S INTENT TO CAUSE THE RESULTING HARM TO APPELLANT.
An insurer has a duty to defend its insured "when the allegations of the complaint against the insured bring the action within the coverage of the insured's policy." Preferred Mut. Ins. Co. v. Thompson (1986), 23 Ohio St.3d 78, 80. In addition, an insurer may bring a declaratory judgment action to have a court determine its duties to defend and/or indemnify its insured under a policy of insurance "even where the underlying tort complaint alleges conduct within the coverage of the contract of insurance." Preferred Risk Ins. Co. v. Gill (1987), 30 Ohio St.3d 108, paragraph one of the syllabus. In the case at bar, the Cannons' underlying complaint against the Harrises alleges conduct which does not fall within the policy coverage, as the complaint alleges that Andy "willfully and maliciously assaulted" Bradley "by means of force likely to produce great bodily harm."
After carefully reviewing the record, we find no evidence to support the Cannons' assertion that the trial court granted appellee's declaratory judgment action based solely upon the allegations contained in the Cannons' original complaint. The trial court's decision indicates that before deciding the issue presented in appellee's declaratory judgment action, the court considered not only the Cannons' complaint, but the deposition testimony of Andy Harris and the pleadings and other evidence contained in the record. The Cannons' first assignment of error is overruled.
"In order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." Physicians Ins. Co. v. Swanson (1991), 58 Ohio St.3d 189, syllabus. This court has previously interpreted Swanson and stated that:
 [i]n our view, Physicians Ins. Co., supra, does not stand for the proposition that exclusionary language relating to intended and expected injuries is applicable only when the insured intends to inflict a precise, specific bodily injury on a victim and thereafter inflicts that particular injury. * * * Instead, this court is of the belief that Physicians Ins. Co., supra, holds that the insured must not only intend the act, but further intend that the act will cause a bodily injury, before the "intended or expected injury" exclusion clause in an insurance policy becomes applicable.
United Ohio Ins. Co. v. Vanosdol (June 1, 1993), Warren App. Nos. CA92-08-073, CA92-08-075, unreported. See, also, Grange Mut. Cas. Co. v. Gore (May 12, 1997), Warren App. No. CA96-08-076, unreported.
We find that the record contains sufficient evidence that Andy intended to cause bodily injury to Bradley when he threw the broken pool cue at Bradley. Andy indicated in his deposition on numerous occasions that he intended to harm Bradley by his actions. Even though Andy may not have intended to cause the specific injury which Bradley suffered, he did in fact intend to cause bodily harm to Bradley such that the exclusion provision in appellee's insurance policy applies. See Vanosdol. The Cannons' second assignment of error is overruled.
An insurer may avoid providing coverage or a defense for a juvenile insured where the insurer establishes that the juvenile insured has been adjudicated delinquent as a result of an admission of the elements of the offense which produced injury to a third party. Nationwide Mut. Fire Ins. Co. v. Carreras (Nov. 15, 1995), Lorain App. No. 95CA006031, unreported. See, also, Allstate Ins. Co. v. Cutcher (N.D.Ohio 1996), 920 F. Supp. 796,798-799. In this case, the record indicates that Andy was adjudicated delinquent as a result of the assault upon Bradley. In juvenile court, Andy admitted to engaging in conduct which would have been criminal if committed by an adult. See Carreras. By admitting his conduct, Andy admitted that he satisfied all of the elements of assault. Andy's age, "although it spared him criminal status, did not alter the behavior itself." Id.
Based upon a thorough review of the record, we find that Andy's delinquency adjudication was a factor which the trial court could consider when determining Andy's intent to cause harm to Bradley, especially in light of the criminal acts exclusion in appellee's insurance policy. See id. There is no evidence that the trial court relied exclusively upon Andy's delinquency adjudication when determining that appellee had no duty to defend or indemnify the Harrises under the circumstances of this case. The Cannons' third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., concurs.
KOEHLER, J., dissents.
[1] The record indicates that as a result of being struck in the head with the pool cue, Bradley suffered a serious head injury involving damage to the cerebral cortex of his brain.
[2] The record indicates that on March 28, 1995, Andy "knowingly and voluntarily admitted the facts alleged by the complaint" and that by virtue of Andy's admission, he was found delinquent based upon a violation of R.C. 2903.13, entitled assault, which would constitute a first degree misdemeanor if committed by an adult. As a result, Andy was placed on reporting probation and ordered to make restitution to the Cannons, to participate in any counselling determined to be necessary, to comply with any additional terms of probation found necessary by the probation department, and to avoid contact with the Cannons.